52 So.2d 805 (1951)
SUN COAST, Inc.,
v.
SHUPE et al.
No. 21824.
Supreme Court of Florida, Special Division B.
June 1, 1951.
Garland M. Budd, Miami, for appellant.
E.B. Griffis and Rogers, Morris & Griffis, all of Fort Lauderdale, for appellees.
THOMAS, Justice.
From the bill which the chancellor dismissed on motion, it appears that appellant was organized eleven years ago and granted a charter, to borrow the language in appellant's brief, "to engage in practically every type of commercial venture." It immediately began the operation of an apartment hotel known as "Sun Coast Hotel and Apartments" and has ever since engaged in that enterprise. The defendants later entered the business of dealing in real estate in the same community, adopting as their trade name "Suncoast Properties." The object of the suit was to enjoin the defendants from using the words "Sun Coast" or the combining form "Suncoast."
It should be noted that although appellant was authorized to deal in real estate it never had, and that the appellees were not interested in operating hotels so they were in no sense competitors.
We have consulted the opinion of the Supreme Court of Oregon, Federal Securities Co. v. Federal Securities Corportion, 129 Or. 375, 276 P. 1100, 1107, 66 A.L.R. 934, recognized by this court in Lumbermen's Mutual Casualty Company v. Lumber Mutual Casualty Insurance Company, 154 Fla. 367, 17 So.2d 615, and have concluded that the chancellor committed no error in his ruling. We cannot see how the public could be deceived by appellees' use of the title "Suncoast" when there is no similarity in the businesses of the parties. In the case we have cited, and formerly approved, it was said that "the courts interfere solely to prevent deception." "[P]rimarily," thought the court, "it is not the name which is protected, but the business * * *." Further, the circumstances must lead to the conclusion that the business of the first user will suffer from the deceptive use, or that by reason of unfair competition there will be an imposition on the public.
Were we to uphold the appellant it would mean that it could combine two words of quite common meaning, "Sun" and "Coast" and, we are tempted to say, very descriptive of places and characteristics of this state, and by doing so preempt the use of these two words together in, to repeat, "practically every type of commercial venture."
*806 That would be the general effect of a ruling in its favor. As applied to the particular circumstances of this case we are convinced that appellants have alleged nothing to show that the public would be tricked or appellant's affairs damaged, or even complicated, because a person trading with appellees in real estate might think he was dealing with appellant, a hotel proprietor.
The decree dismissing the bill was correct.
Affirmed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.