PEARSON, TILLMAN, Chief Judge.
The City of Coral Gables brought a complaint seeking an injunction to require the Coral Gables Convalescent Home, Inc., a Florida corporation, to cease using the words “Coral Gables” in its name. The basis of the action was the contention that the name “Coral Gables’ belongs to the City of Coral Gables and the businesses located within its corporate limits; whereas the defendant corporation maintains no place of business in the city. The trial judge dismissed the action at the close of the plaintiff’s evidence and the City has appealed. We affirm.
The position of the City of Coral Gables appears to be without precedent in the cases brought to our attention, but that is not a justification for refusal to examine the principles of law which it says are applicable. We must determine whether it is reasonable and prudent to extend the principles which are often invoked to protect trade and business names in order to protect a city from the use of a part of its corporate name by a business in no way connected with it and not located within its boundaries.
*633 We take it as established in Florida that a trade name may be descriptive of the business and may include the name of the place where the business is located or conducted. In this connection, the general rule is that geographical names are regarded as common property, and a trade name of this tpye usually cannot be exclusively appropriated, especially when the article to which it is applied is the product of the place designated. Addison v. Hook, 91 Fla. 337, 107 So. 623, Surf Club v. Tatem Surf Club, Inc., 151 Fla. 406, 10 So.2d 554.
This rule would support the decree if it were applicable; but the City contends that because the Coral Gables Convalescent Home is not within its geographical limits, such rule is inapplicable. We do not find it necessary to decide this question because we hold that the City has no standing to enjoin the use of the corporate name “Coral Gables Convalescent Home, Inc.”
In Sun Coast, Inc. v. Shupe, Fla.1951, 52 So.2d 805, the Supreme Court affirmed a decree dismissing a complaint wherein Sun Coast, Inc. sought to enjoin the use of the trade name “Suncoast Properties.” In so doing the court, speaking through Mr. Justice Thomas, reasoned as follows:
“We cannot see how the public could be deceived by appellees’ use of the title 'Suncoast’ when there is no similarity in the businesses of the parties. In the case we have cited, and formerly approved, [Federal Securities Co. v. Federal Securities Corporation, 129 Or. 375, 276 P. 1100, 1107, 66 A.L.R. 934], it was said that ‘the courts interfere solely to prevent deception.’ ‘[Primarily,’ thought the court, ‘it is not the name which is protected, but the business * * *.’ Further, the circumstances must lead to the conclusion that the business of the first user will suffer from the deceptive use, or that by reason of unfair competition there will be an imposition on the public.”
The complaint of the City of Coral Gables which was dismissed failed to allege facts from which it could be concluded that the City will suffer from the allegedly deceptive use, or that it will be the victim of unfair competition.
Affirmed.