332 So.2d 651 (1976)
The BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
CASA DEVELOPMENT LTD., II, et al., Appellees.
No. 75-1383.
District Court of Appeal of Florida, Second District.
May 28, 1976.
Rehearing Denied June 18, 1976.
*653 John W. McWhirter, Jr., of Cason, McWhirter, Henderson & Stokes, Tampa, for appellant.
John R. Bush of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
GRIMES, Judge.
This is an appeal from an order overturning the Hillsborough Board of County Commissioners' denial of an application for issuance of a water and sewer franchise.
In 1973, appellees obtained an appropriate zoning classification for the construction of a residential development on 820 acres in northwest Hillsborough County. In 1975, appellees filed an application for water and sewer franchises under the provisions of Chapter 59-1352, Laws of Florida, Special Acts of 1959, whereby Hillsborough County is authorized to issue water and sewer franchises to parties in the unincorporated areas of the county desiring to render public water and sewer service. At its regular meeting of February 5, 1975, the Board denied the application.
Appellees first filed a notice of appeal in the circuit court. They later filed a petition for writ of certiorari in the same action, characterizing it as an amendment to their appeal. The action thereafter proceeded as if it were certiorari, except that the court permitted a limited supplementation of the record with respect to matters that were directly brought to the commissioners' attention at the time of the meeting in which the application was denied. The court ultimately rejected the Board's action in denying the application and ordered the Board to issue water and sewer franchises to the appellees for periods of twenty-five years.
There is immediately apparent a serious question concerning the nature and scope of judicial review which was available to attack the action of the Board in denying the application. The Administrative Procedure Act does not pertain because the Board of County Commissioners is not an agency covered by the Act. Sweetwater Utility Corp. v. Hillsborough County, Fla. App.2d, 1975, 314 So.2d 194. However, the Special Act which authorized Hillsborough County to issue water and sewer franchises contains a provision of its own relating to review of board action under that law. Thus, Section 7 of the Special Act states:
"Section 7. Within fifteen (15) days from the effective date of any action, rule or regulation adopted or promulgated by said board of county commissioners, any person, firm or corporation aggrieved thereby may appeal such action of said board to the circuit court of said county, and it shall be the duty of said board to cause to be prepared and certified at the cost of appellant a transcript of all proceedings taken and had before said board, and said court shall hear and determine the cause on such record. In the event the action of said board is not sustained, the court shall tax the cost of preparing the transcript against said board."
Relying upon this provision, the court concluded that he had the authority to "hear and determine" the cause pursuant to appellees' notice of appeal.
Despite its clear language, we hold that the Special Act was ineffective to confer jurisdiction on the circuit court to hear an appeal from the commission order. Cf. Codomo v. Shaw, Fla. 1958, 99 So.2d 849. The jurisdiction of the circuit court is specifically set forth in Article V, Section 5 of the 1968 Constitution of Florida as follows:
"§ 5. Circuit courts

(a) Organization. There shall be a circuit court serving each judicial circuit.
(b) Jurisdiction. The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general *654 law. They shall have the power to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. Jurisdiction of the circuit court shall be uniform throughout the state. They shall have the power of direct review of administrative action prescribed by general law."
Consistent with the spirit of Article V to provide a uniform court system throughout the state, circuit courts have jurisdiction of appeals and the power of direct review of administrative action only when provided by "general law." Obviously, the Special Act in question does not qualify as a "general law."
Since Article V, Section 5 does grant circuit courts the power to issue writs of certiorari, the next question to be considered is whether the court could properly review the county board's action by way of certiorari. The answer to this question turns upon whether the action of the Board was quasi-judicial or quasi-legislative in nature.
Traditionally, the review of the actions of commissions and boards acting in a quasi-judicial capacity has been by certiorari in which the reviewing court examines the record to determine whether the action taken below was in accord with essential requirements of law and supported by competent substantial evidence. Harris v. Goff, Fla.App.1st, 1963, 151 So.2d 642. Where agencies and boards have acted in a quasi-executive or quasi-legislative capacity, the proper method of attack is a suit in circuit court for declaratory or injunctive relief on grounds that the action taken is arbitrary, capricious, confiscatory or violative of constitutional guarantees. Harris v. Goff, supra.
When determining whether certain action was quasi-judicial in nature as contrasted to quasi-legislative, the district court of appeal stated in Bloomfield v. Mayo, Fla.App.1st, 1960, 119 So.2d 417:
"It seems clear from the decision of the Supreme Court that the test of a quasi-judicial function turns on whether or not the statutory tribunal had exercised a statutory power given it to make a decision having a judicial character or attribute, and consequent upon some notice or hearing to be had before it as a condition for the rendition of the particular decision made... ."
Before an administrative proceeding can be quasi-judicial in character, there must be a requirement for a hearing to be held upon notice at which the affected parties are given a fair opportunity to be heard in accord with the basic requirements of due process, including the right to present evidence and to cross-examine adverse witnesses, and the judgment of the agency or board should be contingent upon the showing made at the hearing. DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912; Harris v. Goff, supra.
Measured by this test, the action of the Board of County Commissioners of Hillsborough County was clearly quasi-legislative in character. The Special Act contained no criteria which required the issuance of a franchise under specified circumstances. While there was a public hearing upon notice, a quasi-judicial type of hearing was neither contemplated nor conducted. About all that happened was that appellees' representative made some unsworn statements in support of the application and the county attorney responded with opinions of his own. It was obvious from the discussion that the appellees had been negotiating with the county for some time concerning the issuance of a franchise upon certain conditions. Appellees were unwilling to meet these conditions, so the Board voted to deny the application. Therefore, a review by certiorari was an inappropriate remedy. Town of Belleair v. Moran, Fla.App.2d, 1971, 244 So.2d 532.
*655 The appellees' reliance upon State v. Furen, Fla. 1960, 118 So.2d 6, as authority for the procedure followed below is misplaced. First, that case was decided before the adoption of the new Constitution, and the constitutional jurisdiction of the circuit court at that time was substantially different. Moreover, the board action taken in that case was ultimately considered to be quasi-judicial in nature. The net effect of the Furen cases was that in the review of quasi-judicial board action, the circuit court acts as a court of original jurisdiction for purposes of the right to appeal its ruling to the district court of appeal. See Alliance for Conservation of Nat. Resources v. Furen, Fla.App.2d, 1960, 122 So.2d 51.
The confusion generated by the posture of the case below was manifested by the decision to admit some but not all of the testimony proffered with respect to the Board's recent change of policy on the issuance of water and sewer franchises in view of ecological demands and the development of its own regional waste treatment facility. In essence, the proceeding was neither "fish nor fowl." The record of the hearing before the County Commission was inadequate in the sense that it was not the record of a quasi-judicial hearing. Therefore, the court allowed the record to be supplemented in a limited manner but severely curtailed the Board's effort to present testimony tending to show that its action was not arbitrary, capricious, confiscatory or violative of constitutional guarantees.
While it appears that the appellees improvidently sought a review of the denial of their application for a franchise by way of appeal and/or certiorari, we are loath to dismiss their action when they have not yet had their day in court. This is particularly true in view of the fact that they followed a procedure specifically set forth in the Special Act which authorized the issuance of the franchises. Therefore, we hereby reverse the judgment and remand the case with directions for the pleadings to be recast and the case to be tried as if the appellees had filed an original suit in circuit court for declaratory or injunctive relief. This will also permit a full-blown consideration in the proper forum of the appellees' contention that the County Board was estopped to refuse to issue the requested franchises. We believe our determination to remand is consistent with the constitutional mandate that no cause should be dismissed because an improper remedy has been sought. Fla. Const. art. V, § 2 (1968). See State v. Johnson, Fla. 1974, 306 So.2d 102.
HOBSON, Acting C.J., and BOARDMAN, J., concur.