373 So.2d 55 (1979)
SMALLEY TRANSPORTATION COMPANY, a corporation, Appellant,
v.
MOED'S TRANSFER COMPANY, a Corporation, and Crown Motor Lines, Inc., a Corporation, Appellees.
No. KK-431.
District Court of Appeal of Florida, First District.
June 13, 1979.
Rehearing Denied August 6, 1979.
*56 Ansley Watson, Jr., of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Martin Sack, Jr., Jacksonville, for appellees.
McCORD, Chief Judge.
Smalley Transportation Company appeals a final judgment awarding damages in the amount of $8,340 to Moed's Transfer Company and $23,724 to Crown Motor Lines, Inc., appellees. We affirm.
Appellant transported shipments of property over a period of time between points in Jacksonville, Florida, in violation of Chapter 323, Florida Statutes (1977), in that it did not have authority from the Florida Public Service Commission authorizing such transportation. Appellees who had authority were thereby deprived of the revenues for such transportation which they had previously performed. Appellees brought this action for damages and the above-referred to final judgments were entered in their favor.
Prior to this suit, appellees had brought an injunction suit against appellant which resulted in the trial court permanently enjoining appellant from transporting property between points in Jacksonville unless and until it obtained authority therefor from the Florida Public Service Commission. No appeal was taken from that final judgment and appellees then brought this action.
Appellant contends first that the trial court erred in denying its motion to dismiss the complaint for failure to state a cause of action in that appellees' sole remedy is contained in the provisions of Chapter 323  the remedy of injunction. We note that in the injunction suit, appellant argued that injunction would not lie because appellees had an adequate remedy by an action for damages. The trial court called attention to this inconsistency in appellant's contentions in the two suits. We here sustain the trial court's ruling on other grounds.
Appellant contends in this suit that since the only remedy provided by Chapter 323 in a situation such as this is injunction, a suit for damages will not lie. Appellant points out that Chapter 350, Florida Statutes (1977), the chapter under which the Public Service Commission regulates rail carriers, § 350.33 provides that any person who has suffered a pecuniary injury from the violation of Chapter 350 by a rail carrier shall have the right to institute suit for damages against the offending carrier. Appellant contends that the two chapters (Chapter 323 and Chapter 350) should be considered in pari materia and that the omission by the legislature from Chapter 323 of a private damage action for violation thereof by a motor carrier precludes appellees from bringing such an action; that had the legislature intended to create a private action for money damages for violation of the Motor Carrier Act (Chapter 323), it would have done so clearly and unequivocably; that under the rule of statutory construction traditionally referred to as "expressio unius est exclusio alterius," the authorization by Chapter 323 of a suit for injunction, without in addition providing specific authorization for a suit for damages, should be construed to eliminate the right to the latter suit. We disagree. The above maxim is strictly an aid to statutory construction and not a rule of law. In discussing the maxim, the Supreme Court of the United States in Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793 said:
"It is urged that the principle of interpretation, Expressio unius est exclusio alterius, requires the implication from the reference to the adjudication of the vessel alone. This maxim properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment.
* * * * * *
"`It will, however, be proper to observe, before proceeding to give instances in *57 illustration of the maxim, Expressio unius est exclusio alterius, that great caution is requisite in dealing with it for, as Lord Campbell observed in Saunders v. Evans, it is not of universal application, but depends upon the intention of the party as discoverable upon the face of the instrument or of the transaction; thus where general words are used in a written instrument, it is necessary, in the first instance, to determine whether those general words are intended to include other matters besides such as are specifically mentioned, or to be referable exclusively to them, in which latter case only can the above maxim be properly applied.'
* * * * * *
"`It is often a valuable servant, but a dangerous master to follow in the construction of statutes or documents. The exclusio is often the result of inadvertence or accident, and the maxim ought not to be applied, when its application, having regard to the subject-matter to which it is to be applied, leads to inconsistency or injustice.'"
Money damages are available under the common law to one who is damaged by the engagement in business of a competitor in violation of a statute. See 3 Restatement of Torts § 710 which states as follows:
"One who engages in a business or profession in violation of a legislative enactment which prohibits persons from engaging therein, either absolutely or without a prescribed permission, is subject to liability to another who is engaged in the business or profession in conformity with the enactment, if, but only if,
(a) one of the purposes of the enactment is to protect the other against unauthorized competition, and
(b) the enactment does not negative such liability."
Appellant cites two cases construing the Interstate Commerce Act  Consolidated Freightways v. United Truck Lines, 216 F.2d 543 (9th Cir.1954), and Consolidated Freightways v. United Truck Lines, 216 Or. 515, 330 P.2d 522 (1958), both of which hold that the Interstate Commerce Act by its terms indicated an intent to exclude any private remedy for violation of the Federal Motor Carrier Act; that a review of the history of the Federal Motor Carrier legislation left no doubt that provision for private remedy was intentionally excluded; and that Congress intended to vest in the Interstate Commerce Commission the sole authority to enforce the provisions of the Act, thus precluding private relief. We have the opposite in the Florida act as to private remedy in that, as above stated, the legislature has expressly authorized private remedy by injunction. We, thus, have no parallel between the Florida act and the federal act. The Florida act specifically provided for injunction and left standing the common law right to money damages.
We have considered appellant's remaining points and find them to be without merit.
AFFIRMED.
ROBERT P. SMITH, Jr., and MELVIN, JJ., concur.