420 So.2d 606 (1982)
COUNTY OF VOLUSIA, etc., Appellant,
v.
CITY OF DAYTONA BEACH, etc., Appellee.
No. 81-1219.
District Court of Appeal of Florida, Fifth District.
August 18, 1982.
As Clarified on Denial of Rehearing October 6, 1982.
*607 Daniel R. Vaughen, Asst. County Atty., DeLand, for appellant.
Frank B. Gummey, III, Robert G. Brown, Reginald E. Moore and Nancye R. Crouch, Daytona Beach, for appellee.
PER CURIAM.
This appeal challenges an order of the Circuit Court of Volusia County quashing a decision by the Volusia County Council, the governing body of the County (hereinafter referred to as the County), which denied an application by the City of Daytona Beach (hereinafter the City) for a certificate of public convenience and necessity to operate an emergency medical transportation service within its municipal limits. The County's action was taken pursuant to section 401.25, Florida Statutes (1979), which the circuit court declared unconstitutional insofar as it applied to the facts presented in this case.
The controversy ensued when the City applied to the County by letter dated September 19, 1980, for the certificate. The County and the City then organized a task force to study the emergency medical transportation system in Volusia County and to make a recommendation in regard to the City's proposal. After receiving a second application from the City dated December 16, 1980, the County held a hearing on January 15, 1981, and heard unsworn presentations from the City, the Emergency Medical Services Council (a county advisory committee), the county's emergency medical services medical director, the then current emergency medical services provider, and the county's emergency medical services administrator. At the conclusion of the hearing, the County denied the City's application without prejudice.
On February 10, 1981, the City filed a petition and complaint in the circuit court against the County and its current emergency medical services provider in four counts: certiorari, injunction against alleged violations of the Florida Anti-Trust Law, damages against the medical services provider for anti-trust violations, and declaratory judgment against both the county and the medical services provider to establish the City's right to operate an emergency medical services transportation system. The petition for certiorari sought review of the denial by the County of the City's application for the certificate. The County, in its response, alleged that its denial was a legislative decision and was not properly reviewable by a petition for certiorari. In an order dated April 30, 1981, the circuit judge considered only the petition for certiorari. The court stated in its order at that time:

*608 At the time of the hearing, the County Council was considering alternative methods of providing county-wide emergency medical transportation services. Several of the alternatives depended upon revenue from operation within the City of Daytona Beach to defray or at least supplement the cost of operating the county-wide service. Simply stated, the council was aware that the granting of the City's application could result in increased costs to the County. It is the Court's opinion that deliberation on the City's application, which included consideration of what was in the best financial interest of the County, would be improper in that it would deny the City a fair and impartial hearing consistent with due process of law.
Based upon the foregoing, the Court refers and remands this cause back to the County Council for further consideration consistent with the opinions expressed herein. The council in its deliberations shall not admit nor consider any evidence bearing upon the financial advantage or disadvantage to the county resulting from the grant or denial of the City's application. The council may consider all evidence relating to the quality of care and level of service resulting from the grant or denial of the City's application. This may include the report and recommendations of the joint task force. Further, after due deliberation the council shall enter a final order upon the City's application either denying same with prejudice or granting same. The council shall render its decision in this matter on or before June 15, 1981.
Following the court's order, the County held another meeting on May 21, 1981, for the purpose of considering county-wide emergency medical services. It concluded that the services should be provided on a county-wide basis. A second meeting was held by the County on May 26, 1981, at which time a hearing was conducted on the City's application as required by the April 30, 1981, order of the circuit court. The County heard sworn testimony and counsels' argument, made findings of fact and conclusions of law, and rendered a final order denying the City's application with prejudice.
The City then sought circuit court review of the County's May 26th decision by way of a petition for certiorari. On August 25, 1981, the circuit court entered a final judgment quashing the decision of the County for failing to provide the City a quasi-judicial hearing before an impartial tribunal on its application, declaring section 401.25, Florida Statutes (1979), to be unconstitutional as applied to these facts, and inviting the City to reapply for its certificate to the circuit court. The order further provided that "if there are any doubts about the neutrality of the circuit courts of Volusia County, then the City should seek to have the matter resolved in the courts of a sister county." It is this judgment which we entertain on this appeal.
The appellant challenges the circuit court's finding that the City's application for a certificate required an impartial (i.e., quasi-judicial) hearing on the basis of a competitive conflict between the County and the City. The circuit court stated that the County in the instant case was sitting as a quasi-judicial body faced with deciding a dispute wherein it was, itself, an interested party. The view of the circuit court was stated in its judgment:
The key issue concerns the fact that the city, which is in competition with, and which directly opposes the county in the provision of emergency and non-emergency medical transportation services, is required to obtain a certificate of public convenience and necessity from the county commission. The court is particularly concerned about the partiality or impartiality of two parties facing each other in an adversary hearing where one of the adverse parties is ultimately responsible for deciding the issues between them. (Emphasis added.)
In arriving at its conclusion, the circuit court relied on three cases: Chief Judge of the Eighth Judicial Circuit v. Board of County Commissioners of Bradford County, 401 So.2d 1330 (Fla. 1981); State ex rel. *609 Davis v. Parks, 141 Fla. 516, 194 So. 613 (Fla. 1939); Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (Fla. 1932). Davis and Dickenson involved the necessity of disqualifying an individual judge from presiding over a trial on grounds of prejudice.[1] The Chief Judge case involved a dispute between the chief judge of the circuit wherein Bradford County is located and its county commission concerning allocation of space in the county courthouse. Each of these cases arose in the context of judicial or quasi-judicial proceedings wherein adversarial parties or interests were in conflict. The initial question, indeed the crucial question, is whether or not the City was entitled to a quasi-judicial hearing before the Volusia County Council on its application for a certificate to operate an emergency medical transportation system. If the decision of the Council was quasi-judicial in nature, and there were no specific statutory appellate procedures prescribed, then it was subject to review by certiorari; if the hearing was not a quasi-judicial one, then the remedy to attack the proceeding would have to be an original action in equity. Teston v. City of Tampa, 143 So.2d 473 (Fla. 1962).
The Florida Supreme Court discussed the proper method and scope of review of quasi-judicial determinations by a county board in DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957). It held that where notice and hearing are required and the judgment of the board is contingent on the showing made at the hearing, the action is judicial or quasi-judicial. It further held that the proper method of review in such cases is by certiorari. See also Town of Indiatlantic v. Nance, 400 So.2d 37 (Fla. 5th DCA 1981).
In Bloomfield v. Mayo, 119 So.2d 417, 421 (Fla. 1st DCA 1960), on appeal after remand, it was said:
It thus appears that before an administrative order may be considered quasi-judicial in character and therefore subject to review by certiorari, the statute authorizing the entry of such an order must also require that the administrative agency give due notice of a hearing to be held on the question to be considered, and provide a fair opportunity to be heard in a proceeding in which the party affected is accorded the basic requirements of due process of law... . the absence of such protective language with respect to an application to register a pesticide product denudes the Commissioners' order denying registration of any of the characteristics or attributes of a quasi-judicial order. An order of the Commissioner denying registration under the provisions of the statute here considered must, therefore, be considered administrative in character, and not such a quasi-judicial order as may be reviewed by certiorari within the contemplation of Rule 4.1.
Another case in which the court examined the underlying statute to determine if it held any requirement of a quasi-judicial hearing was Bay National Bank and Trust Company v. Dickinson, 229 So.2d 302 (Fla. 1st DCA 1969), wherein it was held:
If quasi-executive or quasi-legislative acts are performed in violation of the mandatory requirements of law, or are infected by fraudulent, capricious, or arbitrary action of the agency, they are subject to assault by appropriate proceedings in a court of competent jurisdiction. It is in such a proceeding as this that procedural due process is afforded, but not in the agency's prior consideration. (Emphasis supplied.)
In Board of County Commissioners of Hillsborough County v. Casa Development, Ltd., 332 So.2d 651 (Fla. 2d DCA 1976), an application for a water and sewer franchise was denied by the Hillsborough Board of County Commissioners. The applicant filed *610 a petition for writ of certiorari, and the circuit court overturned the county's denial. The appellate court held that since the action was clearly quasi-legislative in character, review by certiorari was improper. The court concluded that while there was a public hearing upon notice, a quasi-judicial type of hearing was not contemplated.
It is clear from a comprehensive reading of Chapter 401, Part III, Florida Statutes (1981) that it contains no statutory provisions for a noticed hearing, due process requirements, or appellate review in regard to a county's consideration of applications for certificates of public convenience and necessity to operate a medical transportation service. In fact, the entire matter is expressly delegated to the counties by section 401.25(8), which reads:
(8) The governing body of each county is authorized to adopt ordinances providing reasonable standards for certificates of public convenience and necessity for emergency or non-emergency medical transportation services.
No county ordinance providing a city the right to a quasi-judicial hearing or certiorari review in circuit court has been called to our attention in this record, nor was any cited by the judgment below. We therefore find there is no statutory basis in Chapter 401 to support the judgment below. We proceed, then, to consider the nature and scope of quasi-judicial hearings and determine if there is any basis to support the trial court's judgment outside the confines of Chapter 401.
Article V, Section 5, Florida Constitution (1968) specifically gives the circuit court power of direct review of administrative action when provided by general law. No such general law appears to exist in this case. Section 120.68 of the Florida Administrative Procedure Act, Chapter 120, Florida Statutes (1974), provides that a party adversely affected by final agency action shall obtain judicial review through a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where the party resides. See Fla.R.App.P. 9.030(b)(1)(C). The agency must be one subject to the provisions of the Florida Administrative Procedure Act in order to qualify for this type of judicial review. Sweetwater Utilities Corporation v. Hillsborough County, 314 So.2d 194 (Fla. 2d DCA 1975). The issue is then raised as to whether the Volusia County Council is an agency within the purview of section 120.52(1)(c), which provides:
"Agency" means:
(c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or specific law or existing judicial decisions. (Emphasis added.)
Arguably, the county council, having been made a state agency by Chapter 401, Part III, Florida Statutes, is subject to judicial review under the Florida Administrative Procedure Act. Notwithstanding this fact, section 120.73 of the Act provides that the Act does not operate to repeal a statute which grants the right to a proceeding of the circuit court in lieu of an administrative hearing or to divest the circuit court of jurisdiction to render declaratory judgments under Chapter 86, Florida Statutes.
While Chapter 166.021, Florida Statutes (1973), the Municipal Home Rule Powers Act, generally gives a municipality the power to enact legislation concerning any subject matter upon which the state legislature may act, section 166.021(3)(c) limits its power where a subject is preempted to state or county government by the Constitution or by general law. It is apparent that the state in this case has preempted the field of medical transportation services, delegating to the Department of Health and Rehabilitative Services and to the counties the duty to administer a state plan for the services. By executing the programs and policies adopted by the legislature in Chapter 401, part III, the counties, and in this case Volusia County, act in a quasi-executive capacity to discharge a legislative mandate. That mandate does not interfere with any vested right of the City (e.g., anticipated revenue from the operation of an emergency medical *611 transportation service) which is protected by the Fourteenth Amendment or Section 17 of the Declaration of Rights of the Florida Constitution. See State v. Dade County, 142 So.2d 79 (Fla. 1972). See also Bay National Bank and Trust Company v. Dickinson, 229 So.2d 302 (Fla. 1st DCA 1969).
The issue before the Volusia County Council at its meeting of May 21 and May 26, 1981, was not whether the City of Daytona Beach was entitled to a certificate as a matter of right (which it was not), but rather whether the City's application would provide the best answers to an effective emergency medical transportation system on a county-wide basis. The council thought not, which was its statutory prerogative, and denied the application. The question involved the wisdom of delegation of a legislative duty, not a judicial determination between competing interests in pari materia.
We hold section 401.25 constitutional as applied to the facts in this case, and we find that the County Council's decision was a quasi-executive or quasi-legislative function. It was not a quasi-judicial proceeding, and certiorari review by the circuit court was improper. Accordingly, the judgment of the circuit court dated August 24, 1981 is
QUASHED.
COBB, FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
ON MOTION FOR CLARIFICATION
PER CURIAM.
The appellee, City of Daytona Beach, has moved for clarification on several grounds. That motion is granted to the extent that the following sentence, which appears in footnote 1 of the opinion, is stricken:
We note there is no suggestion in the instant record of prejudice on the part of any individual councilman, as opposed to the Volusia County Council as a whole.
Injunctive and declaratory relief were sought by appellee in the trial court, and were denied on the ground that they were not properly before the trial court. That determination has not been presented to this court by appeal or petition for certiorari. We, therefore, decline to "remand" these issues to the trial court, as requested by appellee, since they were never here.
We have not overlooked the recent decision of City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). Our result quashing the improvident writ of certiorari issued by the circuit court is not affected whether we consider the instant cause as before us on appeal pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A) or treat the notice as a petition for certiorari pursuant to Rule 9.030(b)(2)(B) concerning a final order of the circuit court acting in its review capacity, wherein that court departed from essential requirements of law.
Except as otherwise provided by this order, the motion by the City for clarification is denied.
COBB, FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] We note there is no suggestion in the instant record of prejudice on the part of any individual councilman, as opposed to the Volusia County Council as a whole. In the situation, such as in Dickenson and in Davis, where an individual judge is disqualified, another individual is assigned to sit in his position. The forum, as a legal entity, remains unchanged. The judgment here appealed, however, would operate to transfer the initial decision-making process from one forum, the governing body of Volusia County, to another forum, the Circuit Court of Volusia or a neighboring county.