PER CURIAM.
Finding that the competing trade names at issue in this case — California Club Realty, Inc. vs. Country Club Realty, Inc. — are so dissimilar as to preclude any reasonable likelihood of customer confusion, and that, as a matter of law, the trade name California Club Realty, Inc. is not susceptible to exclusive appropriation, we affirm the final summary judgment under review. Contrary to the arguments of the plaintiff California Club Realty, Inc., we see no genuine issues of material fact in this case and agree with the trial court that, as a matter of law, the plaintiff was not entitled to the relief sought in its complaint. We have not overlooked the plaintiffs extensive arguments for reversal in this cause, but find them unpersuasive. See, e.g., Universal City Studios, Inc. v. Nintendo Co., 746 F.2d 112, 113-118 (2d Cir.1984); Chesebrough-Pond’s, Inc. v. Faberge, Inc., 666 F.2d 393, 397-98 (9th Cir.) cert. denied, 459 U.S. 967, 103 S.Ct. 294, 74 L.Ed.2d 277 (1982); Durham Industries, Inc. v. Tomy Corp., 630 F.2d 905, 912 (2d Cir.1980); B & L Sales Associates v. H. Daroff & Sons, Inc., 421 F.2d 352, 354 (2d Cir.), cert.3 denied, 398 U.S. 952, 90 S.Ct. 1873, 26 L.Ed.2d 292 (1970); Webb’s City, Inc. v. Bell Bakeries, Inc., 226 F.2d 700, 702 (5th Cir.1955); Junior Food Stores, Inc. v. Jr. Food Stores, Inc., 226 So.2d 393, 396-98 (Fla.1969); Addison v. Hook, 91 Fla. 337, 343-44, 107 So. 623, 625 (1926); American Bank v. First American Bank & Trust, 455 So.2d 443, 445-47 (Fla. 5th DCA 1984), pet. for review denied, 461 So.2d 114 (Fla.1985); § 495.131, Fla.Stat. (1985).
The final summary judgment under review is, therefore, in all respects
Affirmed.