## TELEVENTS OF FLORIDA, INC., etc. v TELESAT CABLEVISION, INC., etc., et al.

### Case No. 87-951-CA

*Fifth Judicial Circuit, Citrus County, Florida*

*January 21, 1988*

## APPEARANCES OF COUNSEL

**Charles Wachter, Fowler, White, et al.,** and **John Crider, Crider & Abbott, P.A.,** for plaintiffs.

**Donald M. Middlebrooks, Thomas R. Julin,** and **Brian J. Stack, Steel Hector & Davis,** and **Clark A. Stillwell, Brannen, Stillwell & Perrin, P.A.,** for defendant Telesat Cablevision, Inc.

**Larry M. Haag,** Citrus County Attorney, for defendant Board of County Commissioners of Citrus County.

## OPINION OF THE COURT

WILLIAM F. EDWARDS, Circuit Judge.

The defendants, Telesat Cablevision, Inc. ("Telesat") and Alex Griffin, Hank Cohen, William F. Broska, Nick Bryant, and Skip Hudson, as members of the Board of County Commissioners of Citrus County ("Citrus County"), brought this cause before the court on their respective motions to dismiss the complaint. The court has considered the motions, memoranda of law submitted by the defendants and the plaintiff, the argument of counsel for the parties, and has been otherwise duly advised.

## *THE ALLEGATIONS OF THE COMPLAINT*

The complaint alleges that the plaintiff, Televents of Florida, Inc. ("Televents") is a Florida corporation which has received a non-exclusive license from Citrus County to use public rights-of-way to provide cable television service to the residents of Citrus County. In accordance with that license, the complaint alleges that Televents has constructed a cable television system in Citrus County. The other plaintiff, Hank Hagene ("Hagene"), is identified only as an individual and resident of Citrus County.

The complaint further alleges that Telesat is a Florida corporation and that it applied to Citrus County on November 18, 1986, for a non-exclusive license to allow it to use public rights-of-way to provide cable television service in Citrus County which would compete with the service now being provided by Televents.

The complaint states that the Citrus County Commission held three separate public hearings to evaluate Telesat's application and that ultimately, on May 15, 1987, the Commission voted to approve Telesat's application. Telesat and Citrus County entered into a formal agreement, the complaint alleges, on July 7, 1987.

The complaint then alleges that Citrus County failed to follow its cable television franchising ordinance, Ordinance 85-21, since it did not

**33**

require Telesat to complete some parts of the application which is required by the ordinance. The complaint further alleges, on information and belief, that Telesat has failed to provide a performance bond in fulfillment of the requirements of the ordinance before commencing work in Citrus County, that in other counties Telesat has built cable systems in only the most populous areas of those counties, and that Telesat's operations create a risk that Televents' cables will be cut or displaced. Finally, the complaint alleges that Televents will be injured if it is required to compete with Telesat.

The complaint asks the court to enter a permanent injunction to prevent Telesat from operating, to enter a declaratory judgment that Telesat's franchise from Citrus County is void and unenforceable, and to issue a writ of mandamus directing Citrus County to void, rescind, and cancel Telesat's franchise.

## THE DEFENDANTS' MOTIONS TO DISMISS

First, Telesat and Citrus County contend that this court has no jurisdiction to entertain a challenge to Citrus County's decision to grant Telesat a cable television franchise. They contend that the essence of all three counts of the complaint is that the cable television franchise granted to Telesat is invalid. Because Citrus County's decision to grant Telesat a franchise was "quasi-judicial," the defendants believe that an aggrieved party may only seek review of that action by the filing of a petition for writ of certiorari.

Second, Telesat also contends that the plaintiffs have failed to state a cause of action for unfair competition.

The court agrees with the defendants' contentions and, accordingly, dismisses the complaint.

## THE APPLICABLE LAW

### I. The Court Lacks Jurisdiction

"[W]here . . . notice and hearing are required and the judgment of the board is contingent on the showing made at the hearing, [an administrative] action is judicial or quasi-judicial." *Town of Indialantic v. Nance,* 400 So.2d 37, 40 (Fla. 5th DCA 1981), *appr'd,* 419 So.2d 1041 (Fla. 1982); *County of Volusia v. City of Daytona Beach,* 420 So.2d 606 (Fla. 5th DCA 1982).

The action which is challenged here by the plaintiffs—Citrus County's decision to grant a franchise to Telesat—was taken pursuant to a county ordinance which on its face requires notice and a public hearing. Ordinance 85-21, § 4(b). Ordinance 85-21 mandates that

34

commissioners are to consider the specific criteria set forth in § 4(c) in determining whether to grant a cable television franchise. Ordinance 85-21 further provides in § 4(d) that the commissioners "shall proceed to hear all protests" regarding a franchise application. The result of the hearing is contingent upon the showing made at the hearing in accordance with § 4(1). Accordingly, it is apparent that Citrus County's decision to grant Telesat a cable television franchise was a "quasi-judicial" decision.

Televents cites only one case, *Board of County Commissioners of Hillsborough County v. Casa Development, Ltd., II,* 332 So.2d 651 (Fla. 2d DCA 1976), in support of its argument that Citrus County's grant of a cable television franchise was not quasi-judicial. *Casa Development* is clearly distinguishable. In *Casa Development,* the Second District stated that the Hillsborough County Commission's water and sewer franchising decision was quasi-legislative—and not quasi-judicial—since Hillsborough County's franchising act

> contained no criteria which required the issuance of a franchise under specified circumstances. While there was a public hearing upon notice, a quasi-judicial type of hearing was neither contemplated nor conducted. About all that happened was that appellees' representative made some unsworn statements in support of the application and the county attorney responded with opinions of his own.

*Id.* at 654. *Casa Development* does not govern the facts in this case. Here, Citrus County's franchising ordinance, 85-21, contains specific criteria for the issuance of a franchise under specified circumstances. Ordinance 85-21, § 4(c). There was a public hearing and an opportunity for public comment. *Casa Development* offers no support to the plaintiffs.

Article V, section 5 of the Florida Constitution mandates that a court's jurisdiction to review quasi-judicial administrative actions— such as Citrus County's decision to grant Telesat a cable television franchise—may only be invoked by petition for writ of certiorari, not by the filing of a complaint for a declaratory judgment. *Teston v. City of Tampa,* 143 So.2d 473 (Fla. 1962); *DeGroot v. Sheffield,* 95 So.2d 912 (Fla. 1957); *County of Volusia v. City of Daytona Beach,* 420 So.2d 606 (Fla. 5th DCA 1982); *Town of Indialantic v. Nance,* 400 So.2d 37 (Fla. 5th DCA 1981), *appr'd,* 419 So.2d 1041 (1982); *Jezek v. Vordemaier,* 227 So.2d 69 (Fla. 4th DCA 1969); *Bloomfield v. Mayo,* 119 So.2d 417 (Fla. 1st DCA 1960). Since the plaintiffs failed to challenge the franchising decision through a petition for writ of certiorari, the complaint must be dismissed.

## II. Count II of the Complaint Does Not State

### *A Cause of Action for Unfair Competition*

Count II of the complaint alleges "common law unfair competition." Telesat argues that Count II is nothing more than an improper collateral attack on Citrus County's decision to grant Telesat a franchise. The court agrees. Count II states in pertinent part:

> Telesat's competition pursuant to an invalid and unlawfully issued license constitutes unfair competition with Televents, which possesses a valid license in compliance with all applicable ordinances.

Complaint, at paragraph 35.

Florida courts have never recognized a cause of action for "unfair competition" under the circumstances alleged in the complaint. The tort of unfair competition under Florida law has been described as "an amorphous but not altogether vaporous area of the law." *B.H. Bunn Co., Inc. v. AAA Replacement Parts Co.,* 451 F.2d 1254, 1258 (5th Cir. 1971) (interpreting Florida law); *see also CBS Inc. v. Garrod,* 622 F. Supp., 537, 535 (M.D. Fla. 1985). An analysis of those cases shows that the tort has arisen only in the very narrow context of trademark and trade name infringement cases. *See Bunn,* 451 F.2d at 1262 ("[t]he gist of unfair competition in Florida is 'palming off,' " the act of deceiving the public by selling one's goods disguised under the mark of another's) (*citing Lumberman's Mutual Casualty CO. v. Lumber Mutual Casualty Ins. Co.,* 154 Fla. 367, 17 SO.2d 615 (Fla. 1944)); *see also Creamette Co. v. Conlin,* 191 F.2d 108 (5th Cir. 1951), *cert. denied,* 342 U.S. 945 ((1952) (interpreting Florida law); *Sun Coast v. Shupe,* 52 So.2d 805 (Fla. 1951); *American Bank of Merritt Island v. First American Bank and Trust,* 455 So.2d 443 (Fla. 5th DCA 1984), *rev. denied,* 461 So.2d 114 (Fla. 1984); *Stagg Shop of Miami, Inc. v. Moss,* 120 So.2d 39 (Fla. 2d DCA 1960).

The plaintiffs do not allege that Telesat is "palming off" services under Televents' name, but rather seems to imply that Telesat's franchise is somehow so procedurally defective to give rise to "unfair competition." Even assuming the plaintiffs could show that Citrus County committed serious procedural errors in enacting Telesat's franchise, no cause of action for unfair competition would arise from Telesat's operation in accordance with that franchise. Where a pleading fails to state a cause of action recognized by law, a motion to dismiss must be granted. *Kislak v. Kreedian,* 95 So.2d 510 (Fla. 1957).

In support of its contention that Count II states a cause of action for common law unfair competition, Televents cites *Smalley Transporta-*

*tion Company v. Moed's Transfer Company,* 373 So.2d 55 (Fla. DCA 1979). There, the First District adopted Section 710 of the Restatement of Torts, which states:

One who engages in a business or profession in violation of a legislative enactment which prohibits persons from engaging therein, either absolutely or without a prescribed permission, is subject to liability to another who is engaged in the business or profession in conformity with the enactment, if, but only if,

(a) one of the purposes of the enactment is to protect the other against unauthorized competition, and

(b) the enactment does not negative such liability.

Section 710 of the Restatement does not apply to the facts of this case. Although Ordinance 85-21 prohibits cable companies from providing cable service without a franchise, a review of the ordinance clearly indicates that it was not intended or designed to protect other duly franchise companies from the unauthorized competition of unfranchised cable companies. More particularly, the cable television franchise challenged by the plaintiffs clearly states on its face that it is a grant of a non-exclusive cable television license and a grant of non-exclusive authority. Therefore, § 710 of the Restatement and *Smalley* have no application at all to this case. Similarly, the other cases cited by the plaintiffs in their memorandum are also inapposite.

## CONCLUSION

Accordingly, it is ordered and adjudged that the complaint be and the same is hereby dismissed. The plaintiffs are granted leave to file an amended complaint to state a cause of action for unfair competition. However, the remaining counts of the complaint which seek declaratory relief and the issuance of a writ of mandamus are dismissed for lack of subject matter jurisdiction with leave to either refile, in a new proceeding, a petition for writ of certiorari or, alternatively, the plaintiffs may elect to have their complaint for declaratory relief and for writ of mandamus treated as a petition for writ of certiorari. If the complaint is to be treated as a petition for writ of certiorari, it shall be severed from the amended complaint for unfair competition. Within 20 days of the date of this order, the plaintiffs shall file an amended complaint and/or refile in a new proceeding a petition for writ of certiorari, if they so elect.

DONE and ORDERED in Chambers at Inverness, Citrus County, Florida, this 21st day of January, 1988.