# DERNELLE and BELHUMEUR v THE CITY COMMISSIONERS OF FLAGLER BEACH, et al.

## Case No. 90-82-CA

Seventh Judicial Circuit, Flagler County

March 16, 1990

## APPEARANCES OF COUNSEL

**Clifford A. Taylor, Esquire,** for petitioners.

**Charles J. Cino, Esquire,** for respondents.

## OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

### *ORDER DENYING AMENDED PETITION FOR WRIT OF CERTIORARI*

THIS CAUSE came on for consideration upon Petitioners' Amended Petition For Writ of Certiorari, and the Court, having reviewed the pleadings, heard arguments of counsel, and being otherwise duly informed about the premises, hereby FINDS AS FOLLOWS:

On January 10, 1990 the mayor of the City of Flagler Beach issued a Proclamation calling for a regular municipal election and a special election for the City of Flagler Beach to be held on the first Tuesday

after the first Monday in March 1990. The purpose of the elections was to elect two commissioners to serve for a period of two years, and one commissioner to fill the unexpired seat of a former commissioner for a period of one year to April 2, 1991, "and/or until their successors are elected and qualified, in accordance and pursuant to the Charter of the City of Flagler Beach, Florida."

Petitioners, candidates for the commission seats, filed on February 13, 1990 a Petition for Writ of Mandamus directing the city and the supervisor of elections to comply with the city charter regarding vacancy and general elections. The Writ of Mandamus was denied, but leave to amend was granted. It was the Court's opinion that mandamus was an improper relief sought since the manner in which the officials were conducting the election was purely discretionary and not ministerial. An act commanded by a writ of mandamus must be ministerial. It cannot be one that the party sought to be coerced has any discretion in performing. A ministerial act is one in which the duty is clearly required by law, and the discharge of the duty can be performed without the exercise of discretion. Mandamus can be used to compel a defending party to exercise his discretion, but not to exercise it in a particular way. *City of Miami Beach v State ex rel. Epicure, Inc.,* 148 Fla. 255, 4 So.2d 116 (1941). It seems clear that mandamus could be used to force the Respondents to hold the election, but not to force them to hold it in any particular way. The particular way they conduct the election is discretionary. If the discharge of a duty requires the exercise of judgment or discretion, then the act is not ministerial and mandamus will not lie. Furthermore, mandamus does not usually lie where the Petitioner has another adequate remedy. *City of Miami Beach, supra.* It was suggested that a more proper relief sought might be certiorari, and the Petitioners were given leave to seek such relief if they so. desired. Petitioners then filed on February 26, 1990 the Petition for Writ of Certiorari now under consideration.

In the Petition for Writ of Certiorari the Petitioners express their disagreement with the manner in which the election was to be held. (The election has taken place since this petition was filed.) Petitioners claim that the voters and candidates would be "disenfranchised" if two separate elections were held and that, instead, one election should be held, and the three candidates with the highest vote counts would be declared the winners. The top two vote getters would get the two-year terms, and the third highest winner would get the one-year term. The Petitioners ask this Court to review the actions of the City Commission of Flagler Beach regarding the appointment of a replacement commissioner and the method of directing a special election within the general election set for March 6, 1990.

Article V Section 5(b) of the Florida Constitution provides that the circuit courts shall have "the power of direct review of administrative action prescribed by general law." Fla.R.App.P. 9.030(c)(1)(C) requires the circuit courts to review "by appeal" those administrative orders that are within their statutory jurisdiction. However, only administrative orders that are quasi-judicial in nature are within the appellate jurisdiction of the circuit courts. If a local administrative body renders a decision essentially legislative in character, then that decision would not be subject to judicial review. Administrative decisions that are quasi-legislative are not reviewable by appeal or certiorari. *Board of County Commissioners of Manatee County v Circuit Court of the Twelfth Judicial Circuit In and For Manatee County,* 433 So.2d 537 (Fla. 2d DCA 1983); *Board of County Commissioners of Hillsborough County v Casa Development Ltd.,* 332 So.2d 651 (Fla. 2d DCA 1976).

*Casa Development Ltd., supra,* involved a denial by the Hillsborough County Board of County Commissioners of an application for a water and sewer franchise. The applicants filed a petition for writ of certiorari which was granted. The Circuit Court for Hillsborough County overturned the denial, and on appeal the District Court of Appeal reversed, holding that the circuit court lacked jurisdiction since the Board's action was quasi-legislative. According to the District Court of Appeal in *Casa Development Ltd.,* where boards and agencies have acted in a quasi-legislative or quasi-executive capacity, "the proper method of attack is a suit in circuit court for declaratory or injunctive relief on grounds that the action taken is arbitrary, capricious, confiscatory or violative of constitutional guarantees." *Id.* at 654. The Court explained that in order for an administrative proceeding to be characterized as quasi-judicial and, hence, subject to review by way of a petition for certiorari, "there must be a requirement for a hearing to be held upon notice at which the affected parties are given a fair opportunity to be heard in accord with the basic requirements of due process, including the right to present evidence and cross-examine adverse witnesses, and the judgment of the agency or board should be contingent upon the showing made at the hearing." *Id.*

The administrative decision involved in the instant case appears to be quasi-legislative in nature. Thus, review by certiorari is an inappropriate remedy here, as there was no quasi-judicial type of hearing held. Therefore, in view of these above findings, it is hereby

ORDERED AND ADJUDGED:

That the Amended Petition for Writ of Certiorari is denied on jurisdictional grounds. Petitioners are granted twenty (20) days leave to amend their pleadings to seek a more appropriate form of relief.

DONE AND ORDERED in Chambers at Bunnell, Flagler County, Florida, this 16th day of March, 1990.