# Third District Court of Appeal

## State of Florida

Opinion filed April 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1280
Lower Tribunal No. 20-258-AP
_____

**City of Homestead, et al.,**
Petitioners,

vs.

**United States of America,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

AQH Law, and Amanda Quirke Hand; Weiss Serota Helfman Cole & Bierman, P.L., Joseph H. Serota, Laura K. Wendell, and James E. White, for petitioners.

Juan Antonio Gonzalez, Acting United States Attorney, and Emily M. Smachetti, Chief, Appellate Division, and Daniel Matzkin, and Alix I. Cohen, Assistant United States Attorneys, for respondent.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Dennis A. Kerbel, and Cristina Rabionet, Assistant County Attorneys, for Miami-Dade County, as amicus curiae.

Before FERNANDEZ, C.J., and LINDSEY, and BOKOR, JJ.

FERNANDEZ, C.J.

Petitioners, the City of Homestead ("the City") and John L. Alger and Richard T. Alger, as Trustees, ("the Algers") seek a writ for prohibition to preclude the appellate division of the circuit court of Miami-Dade County from exercising jurisdiction over a petition for a writ of certiorari filed by the United States seeking to quash a City of Homestead Resolution ("the Resolution"). The Resolution was the result of a settlement agreement between the City and the Algers. Because the settlement agreement is a product of section 70.001, Florida Statutes (2012), known as the "Bert J. Harris, Jr., Private Property Rights Protection Act" ("Harris Act") and is consequently a quasi-legislative act,[1] we grant the petition.

---

[1] We recognize that the settlement agreement is presently without effect because it contravenes the Homestead Airport Zoning Ordinance, the application of section 333.03, Florida Statutes (2010), and the parties have not yet jointly filed an action in the circuit court for approval of the settlement agreement, as mandated by the Harris Act:

> When a governmental entity enters into a settlement agreement under this section which would have the effect of contravening the application of a statute as it would otherwise apply to the subject real property, the governmental entity and the property owner shall jointly file an action in the circuit court where the real property is located for approval of the settlement agreement by the court to ensure that the relief granted protects the public interest served by the statute at issue and is the appropriate relief

The settlement agreement is a quasi-legislative act by virtue of the fact that it resulted from the Algers' Harris Act claim. The Harris Act does not require the government entity to act in a quasi-judicial capacity, namely requiring an evidentiary hearing, etc., as would be obligatory under conventional property statutes. <u>See</u> § 70.001(1), Fla. Stat. (2020) ("Therefore, it is the intent of the Legislature that, as a separate and distinct cause of action from the law of takings, the Legislature herein provides for relief, or payment of compensation, when a new law, rule, regulation, or ordinance of the state or a political entity in the state, as applied, unfairly affects real property."). Therefore, the focus of whether the action is quasi-legislative should not be on the outcome of the action, such as the granting of a variance that would traditionally require an evidentiary hearing, but on the type of claim itself. For this reason, the City acted in a quasi-legislative

---

necessary to prevent the governmental regulatory effort from inordinately burdening the real property.

§ 70.001(4)(d)(2), Fla. Stat. (2020) (emphasis added).

capacity because its actions were governed by and performed consistent with the requirements of the Harris Act.

It follows that "[w]here agencies and boards have acted in a . . . quasi-legislative capacity, the proper method of attack is a suit in circuit court for declaratory or injunctive relief on grounds that the action taken is arbitrary, capricious, confiscatory or violative of constitutional guarantees." <u>Bd. of Cty. Comm'rs of Hillsborough Cty. v. Casa Dev. Ltd., II</u>, 332 So. 2d 651, 654 (Fla. 2d DCA 1976). Accordingly, the only option available to the United States is to attack the quasi-legislative action in circuit court for declaratory or injunctive relief. We therefore grant the petition for a writ for prohibition.

Petition granted.

.