327 So.2d 849 (1976)
CITY OF POMPANO BEACH, a Municipal Corporation, et al., Appellants,
v.
Sam DANIELS, Appellee.
No. 74-1048.
District Court of Appeal of Florida, Fourth District.
February 27, 1976.
Rehearing Denied March 23, 1976.
Donald C. Roberge, of Law Office of S. Charles Adams, Pompano Beach, for appellants.
Fred Haddad, of Sandstrom & Hodge, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal from a final judgment granting appellee's petition for a writ of certiorari and directing that appellee be restored to his position of employment with the appellant city.
On April 13, 1970, appellee Daniels began working as a Recreational Activities Supervisor with the appellant City of Pompano Beach. In September 1973, the City Commission of Pompano Beach for budgetary reasons decided to abolish one of two such positions and to create a new position known as Recreation Area Manager, with additional duties and a higher pay grade classification.
*850 Pursuant to the requirements of City Ordinance 11.98.1, appellee's immediate supervisor requested the City Personnel Director to certify which of the two Recreational Activities Supervisors was to be discharged. Appellee was certified as the one to be released because he had the least total continuous time served with the city. Upon being so notified appellee wrote to the City Manager requesting him to help appellee get a copy of his personnel folder and determine the reason for his release. In response to this request the City Manager held "an informal hearing" attended by appellee and his counsel and confirmed appellee's release. Thereupon, appellee filed a petition for writ of certiorari in the circuit court seeking review of the City Manager's "affirmance" of the appellee's release.
The circuit court entered an order "deferring" the matter and directing that the city furnish appellee with the reasons for his discharge and then grant him a hearing regarding those reasons. Appellants complied with said order and again the City Manager confirmed appellee's release. In due course the final judgment appealed from, directing appellee's reinstatement, was entered. The circuit court concluded that appellee had been employed in the particular job slot longer than the other supervisor and thus was entitled to retain his position.
In our judgment we need not reach the merits of the controversy because we conclude the decision to discharge appellee from city employment was not subject to review by certiorari.
Not every action taken by an administrative agency is reviewable by certiorari. When the action taken is the result of notice and a hearing and is dependent upon the showing made therein, the action becomes judicial or quasi judicial, as distinguished from purely executive, and such action is subject to judicial review. DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912; Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417. Consequently, if the charter or ordinances of the City of Pompano Beach required that a municipal employee receive a hearing prior to the abolition of his position, then the ultimate judgment of the city would be subject to judicial review by certiorari. For example, if appellee had been dismissed or discharged for disciplinary reasons he would have been entitled to a hearing as provided by § 53(14) of the Pompano Beach City Code. However, no provision in the Pompano Beach City Charter or Code mandates a hearing with regard to the discharge of a classified employee if his position has been abolished. This distinguishes the present case from DeGroot v. Sheffield, supra (see 95 So.2d at 915).
Appellee contends that pursuant to Ordinance 11.98.1, he was entitled to retain his job and that the person holding the other supervisor's job should have been discharged. If his contention is correct his remedy would seem to be by an original action against the city to enforce his rights under the ordinance. In any event, we hold that he had no right to review the city's executive decision by petition for writ of certiorari in the circuit court.
For the foregoing reasons the circuit court's final judgment is reversed and the cause is remanded with the direction that the court dismiss the petition for writ of certiorari.
Reversed and remanded with direction.
CROSS and MAGER, JJ., concur.