POLEN, Judge.
The Palm Beach County Building Code Advisory Board (Advisory Board) seeks review of an order entered by the circuit court in its appellate capacity, granting a petition for certiorari filed by respondent Southern Building Products, Inc. (Southern). The circuit court’s opinion quashed a decision of the Advisory Board and remanded the matter to the Advisory Board with instructions to conduct a due process hearing.
The Advisory Board was created following passage of a special law by the Florida Legislature in 1990.[1] The Advisory Board is appointed by the Palm Beach Board of County Commissioners. Its purposes include advising local government on (1) future editions of model building codes; (2) improvement and standardization of construction code enforcement; and (3) product and system evaluation. The Advisory Board is authorized to establish policies and procedures for programs designed to monitor manufacturing, fabrication, or performance. It is also authorized to issue evaluation and compliance reports.
Southern voluntarily participated in an evaluation program established by the Advisory Board, submitting to monthly third party inspections of Southern’s prefabricated wood trusses at Southern’s plants. The Advisory Board’s policy provided that the Advisory Board was empowered to withhold or withdraw a fabricator from the Prefabricated Wood Components/Truss Compliance Report for any one of several reasons including noncompliance with the construction codes adopted by the Advisory Board, the Lumber and Truss Engineering Agency guidelines, or the Standard Building Code.
In September, 1991, the Advisory Board received an inspection report indicating that Southern may be in violation of the Advisory Board’s policies and procedures. Southern met with members of the Advisory Board at some point prior to the Board’s December 18 meeting. At that time it was recommended that Southern permit its plants to be inspected twice per month for a six month period. Southern was agreeable to this plan; however, when the plan was first reviewed by the entire Advisory Board, it was suggested that all of Southern’s plants outside of Palm Beach County also be subject to the double inspections. Apparently a motion requiring double inspections of Southern’s plants was carried at an Advisory Board meeting prior to the December 18 meeting. Southern was apprised of the Advisory Board’s decision and voiced its objections. Eventually the parties believed that it would be best to allow Southern an opportunity to address the Advisory Board and the Advisory Board allowed time for Southern on the agenda of its December 18 meeting.
The minutes of the December 18, 1991, Advisory Board meeting show that Southern’s counsel attended the meeting and questioned one of Southern’s employees regarding the objectionable inspection report. Correspondence between those involved with the inspections was recognized in the Advisory Board’s minutes. Eventually a motion was made by a Board member to require double inspections of Southern’s West Palm Beach plant and single inspections on all other plants for six months. The motion passed. Southern filed a petition for writ of certiorari to the circuit court seeking review of the Advisory Board’s action.
*12 In its opinion, the circuit court stated that it declined to decide whether the Advisory Board was empowered to conduct hearings, concluding that the Advisory Board had attempted to conduct such a hearing and had denied Southern due process in the conduct of such hearing. The circuit court quashed the decision of the Advisory Board and remanded the case to the Advisory Board with instructions to provide a hearing that satisfied due process.[2]
We do not address the merits of the circuit court’s opinion because we have concluded that the Advisory Board’s action toward Southern does not constitute the performance of a quasi-judicial function, and thus the Advisory Board’s action was not subject to review by petition for writ of certiorari to the circuit court.
In DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957) the court addressed the issue of the appropriate procedure for obtaining review of an order of an administrative agency. Id. at 914. The court noted that when notice and a hearing are required and the judgment of a board is contingent upon the showing made at the hearing, then the board’s judgment becomes judicial or quasi-judicial as distinguished from purely executive. Id. at 915. In DeGroot the court concluded that the Civil Service Board with which the court was concerned was exercising a quasi-judicial function when it decided upon the advisability of abolishing a position in the classified service. Id. This was so because the Board “arrived at its decision after a full hearing pursuant to notice based on evidence submitted in accordance with the statute here involved.” Id.
This court distinguished DeGroot from the facts present before it in Pompano Beach v. Daniels, 327 So.2d 849 (Fla. 4th DCA 1976). In Daniels, the appellee was terminated from his position with the city and requested a copy of his personnel folder to determine the reason for his release. Id. at 850. The city held an informal hearing attended by Daniels and his counsel and confirmed Daniels’ release. Id. Daniels sought review of the city’s decision by filing a petition for writ of certiorari in the circuit court, and the court directed the city to furnish Daniels with the reasons for his discharge and grant him a hearing regarding those reasons. Id. Following the hearing where Daniels’ discharge was again confirmed by the city, the circuit court directed that Daniels be reinstated. Id.
This court concluded that the city’s decision to discharge Daniels from city employment was not subject to review by certiora-ri to the circuit court. Id. This court noted that “[wjhen an action taken is the result of notice and a hearing and is dependent upon the showing made therein, the action becomes judicial or quasi-judicial, as distinguished from purely executive, and such action is subject to judicial review.” Id. Unlike the facts of DeGroot, no provision of the city’s charter or code mandated a hearing with regard to Daniels’ discharge. Id.
The instant case is analogous to Daniels. Southern voluntarily complied with the Advisory Board’s policies and procedures in order to gain the advantage of having inspections of its product conducted at its plants. The Advisory Board’s policy provided that Southern could be withdrawn from the Advisory Board’s Compliance Report for noncompliance with the Advisory Board’s policies. No code or regulation required that Southern receive notice and an opportunity to be heard before the Board could take action to withdraw Southern from the Compliance report or to require additional inspections. In fact, as is apparent from the minutes of the December 18, 1991, meeting, the Advisory Board had taken action against Southern prior to that meeting, an even more strict inspection schedule having been imposed by vote *13 of the Advisory Board prior to the December 18, 1991, meeting.
Therefore the Advisory Board’s action was not quasi-judicial in character. There was no requirement that a hearing be held upon notice, there was no requirement that the affected parties be given a fair opportunity to be heard in accordance with the requirements of due process, and the decision of the Advisory Board was not contingent or dependent upon the showing made at such a hearing. Although the December 18, 1991, meeting may have possessed some of the trappings of a formal hearing, the action taken by the Advisory Board was in no way dependent upon the showing made at the December 18 Advisory Board meeting.
Having decided that Southern was not entitled to seek certiorari review in the circuit court, we note that “[wjhere agencies and boards have acted in a quasi-executive or quasi-legislative capacity, the proper method of attack is a suit in circuit court for declaratory or injunctive relief on grounds that the action taken is arbitrary, capricious, confiscatory or violative of constitutional guarantees.” Board of County Commissioners of Hillsborough County v. Casa Development Ltd., 332 So.2d 651 (Fla. 2d DCA 1976).
Because the action taken by the Advisory Board was not subject to review by certio-rari, the circuit court’s opinion is quashed and the cause is remanded with directions to dismiss Southern’s petition for writ of certiorari.

ON MOTION FOR CLARIFICATION

PER CURIAM.
We grant respondent’s motion for clarification for the limited purpose of correcting an apparent misstatement in our June 23, 1993, opinion. We correct the language on page 11 to reflect that Southern Building Products, Inc. and Southern Trust of Orlando, Inc. are two separate corporations. We accept respondent’s other proposed corrections occasioned by this misidentification.
GLICKSTEIN, POLEN, JJ., and WALDEN, JAMES H., Senior Judge, concur.

. Chapter 90-445, Laws of Florida.

. In essence the circuit court’s opinion says: Whether you are empowered to conduct a hearing or not, conduct one and afford due process. In light of the fact that both parties concede the Board is not empowered to conduct formal hearings, it is uncertain what would have happened on remand from the circuit court’s opinion. Nevertheless, the fact that the Advisory Board is not expressly empowered to conduct hearings is not dispositive.