657 So.2d 964 (1995)
Emory PAYNE, Petitioner,
v.
Richard WILLE, Respondent.
No. 95-2005.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
Isidro M. Garcia of Vassallo, Garcia & Garcia, P.A., Lake Worth, for petitioner.
No response required for respondent.
PER CURIAM.
The respondent/sheriff, after a recommendation of his department's Hearing Review Board, demoted petitioner for a policy violation. Petitioner then filed a petition for writ of certiorari in the circuit court pursuant to Florida Rule of Appellate Procedure 9.030(c)(2). Because demotion by the sheriff was executive action, which is not subject to review, rather than judicial or quasi-judicial action, which is subject to review, the circuit court dismissed the petition, citing De Groot v. Sheffield, 95 So.2d 912, 914-15 (Fla. 1957). In De Groot, our supreme court explained:
[W]here one holds office at the pleasure of the appointing power and the power of appointment is coupled with the power of removal contingent only on the exercise of personal judgment by the appointing authority, *965 then the decision to remove or dismiss is purely executive and not subject to judicial review... . if removal or suspension of a public employee is contingent upon approval by an official or a board after notice and hearing, then the ultimate judgment of such official or board based on the showing made at the hearing is subject to appropriate judicial review. The reason for the difference is that when notice and a hearing are required and the judgment of the board is contingent on the showing made at the hearing, then its judgment becomes judicial or quasi-judicial as distinguished from being purely executive.
In Chapter 93-367, Laws of Florida, the legislature passed a special act addressing disciplinary actions of employees of the Palm Beach County Sheriff's Office. Although the act permits an employee subject to disciplinary action to request a hearing before the Hearing Review Board, the act further provides that the sheriff may approve or disapprove the board's recommendation and has the sole discretion to overrule the findings of the board. Ch. 93-367, § 2(5)(d), at 97, Laws of Fla. We conclude that the action about which petitioner complains is an executive decision which was not subject to review under De Groot, and the circuit court was therefore correct in dismissing his petition.
Certiorari denied.
WARNER, KLEIN and STEVENSON, JJ., concur.