MAY, MELANIE G., Associate Judge.
The question in this case is: “When is a deputy sheriff unlike other law enforcement officers?” Unfortunately for the deputy in this case, it is when termination of employment is at issue. For this reason, the trial court’s entry of summary judgment is affirmed.
The sheriff terminated the deputy in this ease because he reported for duty intoxicated and for committing a misdemeanor injurious to the sheriffs office. After a hearing before the disciplinary board at which the deputy appeared unrepresented by counsel, the board recommended termination. The deputy filed a complaint in circuit court requesting declaratory relief and writs of certiorari and mandamus. The trial court dismissed the petition for writ of mandamus, but denied the motion to dismiss as to the writ of certio-rari and request for declaratory relief. Subsequently, the trial court entered summary judgment for the sheriff on those remaining requests for relief. From this summary judgment, the deputy appeals.
Historically, deputy sheriffs have not enjoyed any guarantees to employment. They have traditionally been employed at the pleasure of the sheriff. Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982).
*320 A sheriff is authorized to appoint deputies for whose acts he is responsible, to act in his stead.... A deputy sheriff holds office by appointment, rather than by employment, and is thus an officer, rather than an employee.... The sheriff has absolute control over the selection and retention of deputies in order that law enforcement be centralized in the county, and in order that the people be able to place responsibility upon a particular officer for failure of law enforcement.... Thus, a deputy sheriff has no property interest in his office and no constitutional due process protections when he is dismissed.... Neither does he acquire a contract right by virtue of a disciplinary procedure unilaterally adopted by the sheriff, which the sheriff may similarly modify or completely revoke at will.
Wilkerson v. Butterworth, 492 So.2d 1169, 1169 (Fla. 4th DCA 1986) (citations omitted). In fact, this conclusion was recently reinforced by the fifth district in McRae v. Douglas, 644 So.2d 1368 (Fla. 5th DCA 1994), review denied, 654 So.2d 919 (Fla.1995).
This premise is acknowledged by the deputy in this case. However, he argues that the inclusion of “deputy sheriffs” in section 112.531, Florida Statutes (1993), the Policeman’s Bill of Rights, provides him with the necessary “property interest” to insure due process rights. Unfortunately, the legislature seems to have insured just the opposite. The inclusion of deputy sheriffs in section 112.531, Florida Statutes (1993), did NOT provide this deputy with the “property interest” necessary to guarantee him the rights he seeks.
In 1993, Florida Statutes section 112.531 was amended to read:
(1) “Law enforcement officer” means any person, other than a chief of police, who is employed full time by any municipality or the state or any political subdivision thereof and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state; and includes any person who is appointed by the sheriff as a deputy sheriff pursuant to s. 30.07.
§ 112.531, Fla.Stat. (1993).
Interestingly, while section 112.531 added deputy sheriffs within its purview, other relevant sections specifically excluded this class of law enforcement officers. For example, section 112.535, labeled “Construction,” specifically states that
[t]he provisions of chapter 93-19, Laws of Florida, shall not be construed to restrict or otherwise limit the discretion of the sheriff to take any disciplinary action, without limitation, against a deputy sheriff, including the demotion, reprimand, suspension, or dismissal thereof, nor to limit the right of the sheriff to appoint deputy sheriffs or to withdraw their appointment as provided in chapter 30. Neither shall the provisions of chapter 93-19, Laws of Florida, be construed to grant collective bargaining rights to deputy sheriffs or to provide them with a property interest or continued expectancy in their appointment as deputy sheriff.
§ 112.535, Fla.Stat. (1995).
And, section 30.079, Florida Statutes (1995), covering sheriffs, which was amended in 1994, specifically provides that
[t]he provisions of this act shall not be construed to provide deputy sheriffs with a property interest or expectancy of continued appointment as a deputy sheriff, nor shall these provisions serve as a limitation of the sheriffs authority as a constitutional officer to determine unilaterally the purpose of the office or department, to such standards of service to be offered to the public, and to exercise control and discretion over the organization and operations of the sheriffs office or department.
§ 30.079, Fla.Stat. (1995). Lacking this “property interest,” the deputy’s claim to due process must fail. For this reason, the trial court correctly entered summary judgment in favor of the sheriff.
The deputy’s additional argument that the sheriffs establishment of a procedure within the department insured him rights otherwise unavailable must also fail. “[T]hese policies and procedures cannot be *321 read to create the civil service system and do not provide a property interest to Deputy Sheriffs in their employment.” Capsalis v. Worch, 902 F.Supp. 227, 232 (M.D.Fla.1995); see also Stough v. Gallagher, 967 F.2d 1523 (11th Cir.1992).
AFFIRMED.
STONE and KLEIN, JJ., concur.