760 So.2d 1015 (2000)
Michael HARRISON, Petitioner,
v.
Robert W. NEUMANN, as the Sheriff of Palm Beach County, Respondent.
No. 4D00-0356.
District Court of Appeal of Florida, Fourth District.
June 14, 2000.
James D. McMaster of James D. McMaster, P.A., West Palm Beach, for petitioner.
Carmen S. Johnson and Paul T. Ryder, Jr. of Muller, Mintz, Kornreich, Caldwell, Casey Crosland & Bramnick, P.A., Miami, for respondent.
PER CURIAM.
Former deputy sheriff Harrison seeks certiorari review of a circuit court appellate decision affirming his termination of employment. We grant the petition and quash the circuit court order because the hearing review board's order failed to include written findings. The circuit court departed from the essential requirements of the law by not requiring that the hearing review board make written findings to support its termination order.
We do not address the merits of the administrative decision or any other issues raised in the circuit court, but must remand, as the board's failure to make written *1016 findings was a violation of the board's operating procedure and the special law that created the board, chapter 93-67 § 2 at 97-100, Laws of Florida. See Gramm v. City of Port St. Lucie, 574 So.2d 1163 (Fla. 4th DCA 1991)(civil service review board's failure to make written findings violated due process).
We recognize that there is a brief summary of evidence in the board's memo; however, patently, there are no material findings. See Smith v. Metropolitan Dade County, 532 So.2d 84 (Fla. 3d DCA 1988); Thomas v. Office of Sheriff, 507 So.2d 145 (Fla. 1st DCA 1987); City of Miami v. Lopez, 487 So.2d 1111 (Fla. 3d DCA 1986).
In Gramm, this court held that the failure of a civil service review board to include written findings of fact or conclusions of law in its employment termination order rendered that order defective on procedural due process grounds. We conclude that the error demonstrated entitlement to relief under the standard for certiorari review of circuit court appellate decisions.[1]See 574 So.2d 1163. In applying Gramm, we acknowledge conflict with Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981), disapproved in part, 428 So.2d 241 (Fla.1983).
As in Gramm, on remand, the board is to be ordered to make the required written findings of fact and conclusions of law. If a new board must be convened, then their findings are to be made on review of the hearing transcripts, or they shall have discretion to take additional evidence and to make a de novo determination, if necessary.
WARNER, C.J., DELL and STONE JJ., concur.
NOTES
[1] The Gramm decision applied the standard of review set forth in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). That standard was not changed in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).