774 So.2d 813 (2000)
Jose A. VAZQUEZ, Appellant,
v.
The HOUSING AUTHORITY OF the CITY OF HOMESTEAD, Appellee.
No. 3D00-336.
District Court of Appeal of Florida, Third District.
December 27, 2000.
*814 Andres Rivera Ortiz, Miami, for appellant.
Whelan, Demaio & Kiszkiel, and Michael G. Whelan, and Karen Berg Brigham, Miami, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
PER CURIAM.
We treat the appeal filed by Jose A. Vazquez from a decision of the circuit court, appellate division dismissing his petition for certiorari review of a public-employment disciplinary action as a petition for certiorari review by this Court, see City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Fla.R.App.P. 9.040(c), and deny the petition.
The circuit court ruled that it had no jurisdiction to review the disciplinary action taken against Vazquez, a long-time public employee of the Housing Authority of Homestead, Florida. Under the circumstances of this case, we believe that the circuit court afforded Vazquez due process and applied the correct law and therefore deny the requested writ of certiorari in this case. See See Jesus Fellowship, Inc. v. Miami-Dade County, 752 So.2d 708, 709 (Fla. 3d DCA 2000); Metropolitan Dade County v. Mingo, 339 So.2d 302, 304 (Fla. 3d DCA 1976).
At the time of the contested demotion, Vazquez, along with all other employees of the Housing Authority of Homestead, were designated "at will" employees, subject to disciplinary action, without judicial oversight, by the Executive Director of the Authority. It is undisputed on the record that the Board of Commissioners of the Housing Authority of Homestead approved an employee handbook including the "at will" designation on March 18, 1997, and that the disciplinary action involved here was not instituted until April 23, 1997.
Vazquez contends that the "old" employee handbook and its different disciplinary procedures for "key" employees applies because the "new" handbook was not physically distributed to employees until May 1997. We defer to the finding of the hearing officer below on what was essentially a credibility determination that the employees were made aware of the "new" policies shortly after the adoption of the handbook even though they did not actually receive a hard copy of the handbook at that time. The timing of the distribution of the handbook does not control here. Its adoption does.
Vazquez was afforded counsel-assisted hearings to contest his demotion both before the person with final authority over disciplinary actions (the Executive Director) and before a hearing officer, the chairman of the Housing Authority. Even though he was an "at will" employee and, thus, not specifically entitled to any pre-demotion hearing, he was, nevertheless, allowed to present evidence and engage in argument on the record before a hearing officer who, ultimately, confirmed the disciplinary action taken by the Executive Director. These voluntary procedures did not turn the Executive Director's executive decision into a quasi-judicial proceeding; however, under these circumstances, we believe that any due process rights asserted *815 by Vazquez were clearly protected. As such, the decision of the circuit court declining jurisdiction was correct. See De Groot v. Sheffield, 95 So.2d 912, 915 (Fla. 1957); Payne v. Wille, 657 So.2d 964, 964-65 (Fla. 4th DCA 1995); Board of Pub. Instr. of Dade County v. McQuiston, 233 So.2d 168 (Fla. 3d DCA 1970).
Petition for writ of certiorari denied.