799 So.2d 325 (2001)
CITY OF SARASOTA, Florida, Petitioner,
v.
PLEASURES II ADULT VIDEO, INC., and 4211 North Tamiami Trail, Inc., Respondents.
No. 2D01-978.
District Court of Appeal of Florida, Second District.
October 12, 2001.
*326 Michael S. Hooker, George E. Spofford, IV, and Alysa J. Ward of Glenn, Rasmussen, Fogarty & Hooker, P.A., Tampa, for Petitioner.
John W. MacKay of John W. MacKay, P.A., Tampa, for Respondents.
SILBERMAN, Judge.
The City of Sarasota seeks review of a writ of certiorari, issued by the circuit court, quashing an order entered by a code enforcement special master. Because we conclude that the circuit court improperly reweighed the evidence, reevaluated the credibility of the witnesses and the evidence, and substituted its judgment for that of the special master, we grant Sarasota's petition.
City of Sarasota ordinance number 97-4015 regulates the location and operation of adult use establishments in Sarasota. Adult use establishments include businesses that have, as a substantial or significant portion of their stock in trade, adult materials such as books, magazines, periodicals, video cassettes, or other specified items depicting, illustrating, describing, or relating to sexual activities or anatomical areas as defined in the ordinance. Pursuant to section 5-42.1 of the ordinance, before commencing business or otherwise operating, an adult use establishment is required to obtain an adult use permit from Sarasota's Department of Building, Zoning and Code Enforcement.
Pleasures II Adult Video, Inc., was the tenant on property located in Sarasota, and 4211 North Tamiami Trail, Inc., was the owner of the property. They did not *327 obtain an adult use permit for the business conducted by Pleasures on the property. Although Pleasures had applied for such a permit, its application was denied due to various deficiencies.
Subsequently, Pleasures was given notice that it was in violation of the ordinance for operating an adult use business without first obtaining the required permit. A code enforcement hearing was held at which Sarasota presented testimony by a code inspector and the director of the Department of Building, Zoning and Code Enforcement.
The witnesses made several inspections of Pleasures' business premises. They testified about their observations of the materials offered for sale by Pleasures, including videos, magazines, and novelties. While they did not do a detailed inventory of the entire stock available at Pleasures, they determined that an adult use permit was required because a substantial or significant portion of the stock depicted sexual acts and themes and was adult-oriented. In fact, they noted that the stock appeared to be virtually all adult, sexually-oriented materials.
Pleasures presented no witnesses, but it cross-examined Sarasota's witnesses. It argued that the evidence was not sufficient to support a finding that it had violated the ordinance, and it attacked the credibility of the witnesses. Pleasures also raised certain constitutional issues that were not decided by the special master and that are not before this court.
After the hearing, the special master entered an order in favor of Sarasota. The special master found that Pleasures was an adult bookstore/video store as defined by the ordinance; the testimony of Sarasota's witnesses was that a substantial or significant portion of Pleasures' stock in trade depicted specified sexual activities; and Pleasures did not obtain the required permit.
Pleasures sought certiorari review of the special master's decision in the circuit court. The circuit court granted a writ of certiorari and quashed the special master's order. Sarasota now seeks certiorari review of the circuit court's order. We have jurisdiction pursuant to article V, section 4 of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(B).
When a party seeks review of an administrative action in a circuit court, the circuit court must determine the following: (1) whether procedural due process was accorded; (2) whether the essential requirements of the law were observed; and (3) whether there was competent, substantial evidence to support the administrative findings and judgment. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). On certiorari review of a decision of a circuit court acting in its appellate capacity, the district court must determine (1) whether the circuit court afforded procedural due process, and (2) whether the circuit court applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The phrase "applied the correct law" is synonymous with "observing the essential requirements of the law." Id.
A circuit court departs from the essential requirements of the law when it substitutes its judgment for that of the hearing officer, reweighs the evidence, or reevaluates the credibility of the evidence. Dusseau v. Metropolitan Dade County Bd. of Comm'rs, 794 So.2d 1270 (Fla.2001); Board of County Comm'rs of Pinellas County v. City of Clearwater, 440 So.2d 497, 499 (Fla. 2d DCA 1983). Moreover, even if the circuit court believes that the hearing officer's findings are mistaken, the circuit court may not disregard the findings and must uphold the hearing officer's order "unless there is no competent evidence, or only insubstantial evidence, to *328 support the findings." Chicken `N' Things v. Murray, 329 So.2d 302, 305 (Fla.1976).
In its ruling, the circuit court stated that the witnesses should have presented actual magazines and videos to the special master in order that the special master could determine if Pleasures' stock was pornographic. However, the issue before the special master did not depend upon that determination. Rather, the primary issue to be decided was whether a substantial or significant portion of Pleasures' stock was adult material as defined in the ordinance. The testimony of the witnesses specifically addressed this issue.
The circuit court did not indicate why the direct observations of the witnesses would not constitute competent, substantial evidence of a violation of the ordinance. Notably, no evidence was presented to the special master contradicting the testimony of the witnesses as to the nature of the stock that was available at Pleasures and the type of business conducted by Pleasures.
Because the circuit court reweighed the evidence, reevaluated the credibility of the witnesses and the evidence, and substituted its judgment for that of the special master, it departed from the essential requirements of the law. Therefore, we grant the petition for writ of certiorari, quash the circuit court's order, and remand for further proceedings consistent with this opinion. See Dusseau, 794 So.2d 1270; Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093-94 (Fla.2000).
Petition granted, order quashed, and case remanded.
CASANUEVA, A.C.J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.