833 So.2d 185 (2002)
PLEASURES II ADULT VIDEO, INC. and North Street News, Inc., Petitioners,
v.
The CITY OF SARASOTA and Tim Litchet, as Manager of Building, Zoning and Code Enforcement for the City of Sarasota, Respondents.
No. 2D01-1580.
District Court of Appeal of Florida, Second District.
December 11, 2002.
*186 John W. MacKay of John W. MacKay, P.A., Tampa, for Petitioner Pleasures II Adult Video, Inc.
Luke Lirot of Luke Charles Lirot, P.A., Tampa, for Petitioner North Street News, Inc.
Michael S. Hooker of Glenn Rasmussen Fogarty & Hooker, P.A., Tampa, for Respondents.

ORDER ON STIPULATION TO DISMISS
NORTHCUTT, Judge.
The City of Sarasota denied Pleasures II Adult Video and North Street News (the "Stores") permits to operate adultoriented businesses. Pursuant to the City's adult-use ordinance, the Stores filed a petition for writ of certiorari in the circuit court challenging the City's ruling, but the circuit court denied it. They then sought a writ of certiorari in this court to quash the circuit court's decision. While the case was pending before us, however, the parties reached a settlement, and they have filed a stipulation for dismissal. This stipulation renders the Stores' claims moot, and we cannot grant them any relief. But we write because this proceeding presents an issue that is a matter of great importance and of general public interest that will probably reoccur. Cook v. City of Jacksonville, 823 So.2d 86, 87 n. 1 (Fla. 2002); Lee County v. S. Fla. Water Mgmt. Dist., 805 So.2d 893, 896 (Fla. 2d DCA 2001). The issue is whether the city was empowered to confer circuit court jurisdiction to review its executive decisions. We conclude that it had no such power.
The City enacted Ordinance 97-4015 to regulate the location and operation of adult-oriented businesses within its city limits. The Stores were existing adultoriented businesses, but the ordinance required them to apply for new annual business permits within forty-five days. Tim Litchett, the manager of the Department of Building, Zoning and Code Enforcement for the City, denied their permit requests.
Ordinance 97-4015 provided that: "Any person aggrieved by a decision of the Department of Building, Zoning & Code Enforcement relating to an adult use permit may appeal to the Circuit Court for Sarasota County, by filing a Petition for Writ of Certiorari as provided under the Florida Rules of Appellate Procedure." Following this review procedure, the Stores filed a petition for writ of certiorari in the circuit *187 court, protesting the City's denial of their applications. After the circuit court denied their petitions, the Stores filed the present petition for second-tier certiorari review in this court. We questioned whether a municipal ordinance was effective to create circuit court jurisdiction to review executive decisions. Therefore, we directed the parties to file supplemental briefs addressing whether the City's denials of the Stores' permits were quasi-judicial acts that a circuit court could review by common law certiorari, and if not, whether the Florida Constitution, the Florida Rules of Appellate Procedure, or the Florida Statutes conferred certiorari jurisdiction on the circuit court under these circumstances.
All parties agreed that the permit denials were not quasi-judicial acts reviewable by common law certiorari under Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). But the City contended that the circuit court had statutory certiorari jurisdiction[1] pursuant to section 26.012, Florida Statutes (1997). We disagree.
Section 26.012(1) specifically confers circuit court jurisdiction over "appeals from final administrative orders of local government code enforcement boards" (emphasis supplied). Section 162.02, Florida Statutes (1997), authorizes the creation of such boards "to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist" (emphasis supplied). In this action, the Stores did not seek review of a city's ruling that they had violated an ordinance. Cf. City of Sarasota v. Pleasures II Adult Video, Inc., 799 So.2d 325 (Fla. 2d DCA 2001) (quashing the circuit court's issuance of a writ of certiorari determining that the code enforcement special master's ruling that the Stores had violated the adult-use ordinance by operating without permits was not supported by substantial, competent evidence). Rather, they challenged the City's refusal to issue an adult-use permit. As such, this case did not implicate the certiorari jurisdiction granted to the circuit court in section 26.012(1).[2]
*188 The City also argued that a municipality may confer certiorari jurisdiction on a circuit court as part of its authority under the Municipal Home Rule Powers Act, chapter 166, Florida Statutes (1997). It inferred this power from the legislative history of the act.[3] Before the Municipal Home Rule Powers Act was enacted,[4] municipal zoning was governed by chapter 176, Florida Statutes (1971). Section 176.02 gave a municipality authority to regulate the use of buildings within its city limits, and section 176.08 authorized the appointment of a board of adjustment to hear and decide appeals from decisions of administrative officers made pursuant to the chapter. Under section 176.16, anyone aggrieved by the board's decision could petition the circuit court for a writ of certiorari. This chapter was repealed by the Municipal Home Rule Powers Act, chapter 73-129, section 5, at 247, Laws of Florida, but the Act provided that the repeal must not be interpreted as a limitation on a city's powers. Instead, "municipalities shall continue to exercise all powers heretofore conferred on" them by the repealed chapters. Ch. 73-129, § 5, at 248, Laws of Fla.; see also § 166.042, Fla. Stat. (1997). The City contended this statement of legislative intent accords it the same authority to confer jurisdiction on circuit courts as that previously reposited in section 176.16.
The fallacy in this argument is that section 176.16 was a general law by which the legislature conferred jurisdiction on the circuit court; the statute did not give municipalities the power to do so. Bestowing judicial authority to review municipal permitting decisions was not a power "heretofore conferred" on municipalities, and therefore it was not a power they retained under the Municipal Home Rule Powers Act.
The Municipal Home Rule Powers Act permits a municipality to act if (1) it is exercising its authority for a valid municipal purpose, and (2) there is no constitutional or statutory limit on the exercise of that authority. Basic Energy Corp. v. Hamilton County, 652 So.2d 1237, 1239 (Fla. 1st DCA 1995). Here, there is such a limit. Article V, section 5(b) of the Florida Constitution provides that the circuit court shall have jurisdiction of "appeals when provided by general law." See also Fla. R.App. P. 9.030(c)(1)(C) ("The circuit courts shall review, by appeal ... administrative action if provided by general law.").[5] This language "delegates to the legislature the task of delineating the scope of the circuit court's appellate jurisdiction." Waite v. City of Fort Lauderdale, 681 So.2d 901, 902 (Fla. 4th DCA 1996); see also State v. Creighton, 469 So.2d 735, 739-40 (Fla.1985), receded from on other grounds by Amendments to the *189 Fla. Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996). Thus, article V, section 5(b), is a constitutional limit on the authority of any body other than the legislature to confer jurisdiction on the state's circuit courts.
Moreover, that constitutional provision imposes a further limitation: it authorizes the legislature to confer jurisdiction only by "general law." In Board of County Commissioners of Hillsborough County v. Casa Development Ltd. II, 332 So.2d 651, 654 (Fla. 2d DCA 1976), this court held that a "special act" of the legislature was not sufficient to confer jurisdiction on the circuit court to hear an appeal of a county commission decision. See also State ex rel. Bettendorf v. Martin County Envtl. Control Hearing Bd., 564 So.2d 1227, 1228 (Fla. 4th DCA 1990); cf. Splash & Ski, Inc. v. Orange County, 596 So.2d 491, 492 n. 2 (Fla. 5th DCA 1992) (not reaching the question of whether the statutory certiorari provisions in a special act of the legislature were constitutional). The term "special law" means a "special or local law." Art. X, § 12(g), Fla. Const. As the Casa Development court aptly remarked, a "special act" does not qualify as a "general law." Nor does a local law. See Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684, 685 (Fla. 4th DCA 1982) (noting that an ordinance of a municipality "may not confer jurisdiction on the circuit court where none otherwise exists"). This reasoning is supported by another provision in article V, section 5(b), which mandates that the "[j]urisdiction of the circuit court shall be uniform throughout the state." Obviously, if special acts or local lawsor local ordinancescould confer jurisdiction to review the decisions of specific cities or counties in the local circuit courts, the courts' jurisdiction would not be uniform throughout the state.[6] Simply put, the Municipal Home Rule Powers Act did not permit the City to confer certiorari jurisdiction on the circuit court by ordinance.
Finally, we note that certiorari is a record-based review procedure. Here, a single city official made an executive decision to deny the Stores' permit applications. No hearing was held, so it would be impossible for the circuit court to determine whether the decision was based on substantial, competent evidence. As a practical matter, when an executive makes a decision without conducting a hearing, there is nothing for the circuit court to review. See generally Robert Lincoln, Executive Decision Making by Local Legislatures in Florida: Justice, Judicial Review and the Need for Legislative Reform, 25 Stetson L.Rev. 627, 635-39 (Spring 1996); cf. Bd. of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla. 1993) (distinguishing comprehensive rezoning decisions, which are quasi-legislative, from specific rezoning decisions "where the decision is contingent on a fact or facts arrived at from distinct alternatives presented at a hearing," which are quasijudicial and properly reviewed by certiorari) (emphasis supplied).
For the reasons described above, we conclude that a city ordinance cannot confer *190 certiorari jurisdiction on a circuit court to review the city's executive decisions. However, because the parties have settled their dispute and stipulated to dismiss this proceeding, our opinion will have no effect on the instant controversy.
Dismissed.
DAVIS, J., and PAUL W. DANAHY, Senior Judge, concur.
NOTES
[1] See G-W Dev. Corp. v. Village of N. Palm Beach Zoning Bd. of Adjustment, 317 So.2d 828, 830 (Fla. 4th DCA 1975).
[2] In Blue Moon Enterprises, Inc. v. Pinellas County Department of Consumer Protection ex rel. Pinellas County, Florida, 97 F.Supp.2d 1134, 1139 (M.D.Fla.2000), the court reviewed a similar adult-use ordinance that provided for review by certiorari in the circuit court. It held this review provision was sufficient to meet the requirement in FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), that an adult-use licensing scheme provide for prompt review of administrative decisions. In doing so, the Blue Moon court remarked that section 26.012(1), Florida Statutes, stated the available remedy under Florida law. The plaintiffs in Blue Moon had been notified that their permits to operate adult-oriented businesses were being suspended because of violations of the ordinance. Thus, the Pinellas County Department of Consumer Protection was acting as a "code enforcement board" in that case, and jurisdiction was properly conferred on the circuit court under section 26.012. As discussed, that is not the situation here. We recognize that the Blue Moon court grounded its decision on a previous Eleventh Circuit case, Boss Capital, Inc. v. City of Casselberry, 187 F.3d 1251 (11th Cir.1999). Boss Capital, like this case, involved the denial of a license to operate an adult-oriented business. The ordinance at issue there provided that any decision "may be reviewed as a matter of right by the Circuit Court upon the filing of an appropriate pleading by an aggrieved party." 187 F.3d at 1257. Without any analysis of the circuit court's jurisdiction, the Eleventh Circuit held the review provision was sufficient to meet the FW/PBS test. We note that the exact issue decided in both Boss Capital and Blue Moon is not raised in this case. To the extent that either decision implies that an ordinance can confer certiorari jurisdiction on a circuit court without being based on a statutory grant of jurisdiction, we disagree with them.
[3] This argument was raised in G-W Development, 317 So.2d at 831, but that court declined to address it because the ordinance at issue did not attempt to confer certiorari jurisdiction.
[4] Ch. 73-129, §§ 1-6, at 238-48, Laws of Fla.
[5] We note that in the context of appeals of administrative actions, the distinction between the circuit court's "certiorari" jurisdiction and its "appeal" jurisdiction is somewhat muddled. See City of Deerfield Beach v. Vaillant, 419 So.2d 624, 625-26 (Fla.1982) (noting that the circuit court's review of the decision of a city's administrative review board, although accomplished by petition for writ of certiorari, is actually a review to which the party is entitled as a matter of right and is effectively "an appeal"); Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684, 685 (Fla. 4th DCA 1982).
[6] The City relied on Metropolitan Dade County v. Hernandez, 708 So.2d 1008 (Fla. 3d DCA 1998), for the proposition that an ordinance conferring certiorari jurisdiction does not violate the uniformity requirement of article V, section 5(b), Florida Constitution. But jurisdiction over the ordinance at issue in Hernandez was provided by chapter 162, which authorizes counties to enforce their ordinances through code enforcement boards with appeal to the circuit court, or through code enforcement officers with appeal to the county court by trial de novo. Thus, a general law conferred the jurisdiction and the local ordinance merely incorporated it. Here, no general law provides jurisdiction.