SHAHOOD, J.
Appellant, Gary J. Grob, brought a breach of contract action against the Sheriff of Palm Beach County for breach of an alleged employment agreement following his demotion from the rank of lieutenant to sergeant. Following a jury trial, the court granted the Sheriffs motion for a directed verdict and entered judgment for the Sheriff. We affirm.
Grob was promoted shortly after Sheriff Bieluch took office and was demoted eight months later based on the “failure to meet probation.” This demotion was not the result of any misconduct, or disciplinary reason, but rather, was a performance-based demotion. Grob filed a grievance with the Sheriffs office disputing his demotion claiming that as a career service employee he could not be demoted without just cause and that he was not probationary personnel. Grob requested reinstatement as lieutenant as well as other relief. He did not, however, timely request a hearing before a review board under the Sheriffs standard operating procedures and the Career Service Employees Act. Grob’s grievance went up the chain of command and was ultimately denied by the Sheriff under his discretionary authority. Following the denial of his grievance, Grob filed suit against the Sheriff.
*86 Historically, in Florida, deputy sheriffs have not enjoyed any guarantees to employment. They have traditionally been employed at the pleasure of the sheriff. See Brown v. Wheeler, 669 So.2d 318, 319 (Fla. 4th DCA 1996) (citing Szell v. Lamar, 414 So.2d 276 (Fla. 5th DCA 1982)). Grob maintained that he was entitled to certain contractual rights as a career service employee, including a hearing, under standard operating procedure 202.01, which adopted and incorporated Chapter 93-367, Laws of Florida, creating the Career Service Employees Act. While we agree that career service employees are entitled to certain rights under the Act, under the facts of this case, Grob was not entitled to the relief requested.
Standard operating procedure 202.01 specifies certain rights of career service employees and sets forth rules providing for the appeal of certain disciplinary actions. While career service employees below the rank of Major shall not be subject to dismissal or demotion without just cause, any employee who is required to serve a probationary period attendant to a promotion may be returned to his prior rank during such probationary period without the right of appeal. See id.; see also Ch. 93-367, Laws of Fla. Ad hoc hearing review boards are appointed for the purpose of hearing appeals of career service employees arising from personnel actions brought under the rules, regulations, or policies of the Office of the Sheriff which result in dismissal, suspension, demotion or reduction in pay. However, the scope of the review board is limited to disciplinary proceedings and termination actions. See id. In this case, Grob was not demoted due to a disciplinary reason or policy violation. Rather, he was demoted based on performance. Thus, Grob was not entitled to a hearing under the act. Moreover, Grob failed to timely request a hearing.
Even if Grob was entitled to such a hearing, he still would not have been entitled to his requested relief. In Payne v. Witte, 657 So.2d 964 (Fla. 4th DCA 1995), a deputy sheriff who was demoted brought a petition for certiorari after the recommendation of the department’s hearing review board demoted him for a policy violation. The court held that although Chapter 93-367 permits an employee subject to disciplinary action to request a hearing before a review board, the act further provides that the sheriff may approve or disapprove the board’s recommendations and has the sole discretion to overrule the findings of the board. See id. at 964.
AFFIRMED.
WARNER, J„ and GATES, MICHAEL L., Associate Judge, concur.