STONE, J.
We deny this petition for writ of certio-rari filed by the sheriff of Palm Beach County from a circuit court order granting a petition for writ of certiorari filed by former deputy sheriff Mickins, challenging his termination of employment.
Mickins’ termination followed a hearing procedure pursuant to the Career Service Bill, enacted by special act in Chapter 93-367, Laws of Florida (the Act). Termination was recommended based on an in *1238 ternal affairs investigation. After being advised by the sheriff that he was terminated, Mickins appealed to a hearing review board, which conducted an evidentia-ry hearing. The hearing review board upheld the termination, and the sheriff decided the termination would stand. Mic-kins then availed himself of his right to have the termination resubmitted to the original board, now sitting as the termination review board, which again recommended termination. The sheriff, although not bound by the recommendation of the termination review board because the board’s vote was three to two,[1] then fired him.
Mickins sought review in the circuit court, which granted relief to the extent of remanding for the hearing review board to make written findings of fact and conclusions of law.[2] In doing so, the trial court applied our decision in a nearly identical case, where we quashed a circuit court’s order affirming the termination of a former deputy’s employment because the hearing review board’s order failed to include written findings. Harrison v. Neumann, 760 So.2d 1015 (Fla. 4th DCA 2000), rev. dismissed, 816 So.2d 128 (Fla. 2001). In Harrison, we concluded that the circuit court departed from the essential requirements of law by not requiring the board to make findings.
The primary issue here is the sheriffs contention that our earlier precedent in Payne v. Wille, 657 So.2d 964 (Fla. 4th DCA 1995), would require a dismissal by the circuit court for lack of jurisdiction to consider the sheriffs decision. We note that there is no discussion of Payne in Harrison. However, this court’s records in Harrison indicate that we initially followed Payne in that case and that the supreme court, without written opinion, quashed our initial holding that the circuit court lacked jurisdiction.[3]
In Payne, we denied a petition for writ of certiorari challenging the dismissal of a certiorari petition filed by an employee of the sheriffs department, seeking review of the employee’s demotion, where the dismissal was based on a finding that the demotion was an executive action rather than a judicial or quasi-judicial action. This court agreed that the sheriffs action was an executive decision that was not subject to certiorari review.
This court followed Payne in Grob v. Bieluch, 889 So.2d 85 (Fla. 4th DCA 2004) (affirming directed verdict for sheriff in action for breach of contract by lieutenant demoted to sergeant; though career service employees are entitled to hearings under Chapter 93-367, this employee was not because his demotion was not for any disciplinary reason; even if he had been entitled to and timely requested a hearing, *1239 he would not be entitled to the relief sought, under Payne, because the sheriff has sole discretion to overrule the findings of the board). See also Vazquez v. Hous. Auth. of City of Homestead, 774 So.2d 813 (Fla. 3d DCA 2000) (denying petition for writ of certiorari, challenging circuit court’s denial of certiorari petition from demotion of at-will employee of local housing authority, where although employee was afforded a hearing and allowed to present evidence and argument before a hearing officer, those voluntary procedures did not convert the decision of the executive director into a quasi-judicial proceeding).
The circuit court in the instant case followed Harrison and, thus, it did not depart from the essential requirements of law. We are not unmindful of our conclusions in Payne that the sheriffs discharge of an employee is executive and not a quasi-judicial decision. Although Payne involved a demotion, and Harrison, as this case, involved termination, we do not deem this distinction sufficient to justify different results. Rather, we note that the Payne issue was not a concern for a board’s failure, as in this case and in Harrison, to make findings of fact. In Harrison, we recognized that the statute mandates that the board make fact findings. We deem this requirement unrelated to the sheriffs right, recognized in Payne, to make an executive decision when the board vote is three to two (as distinguished from four to one or five to zero, in which case it is binding on the sheriff). We conclude that this factor, the failure to make fact findings, distinguishes Harrison from Payne. Therefore, it is not necessary for us to decide whether Harrison, sub silen-tio, receded from Payne.
We do not comment on any ultimate decision that may be made following enforcement of the circuit court order requiring fact findings by the board before final action may be taken by the sheriff.
Denied on the merits.
POLEN and TAYLOR, JJ., concur.

. The special act provides that the sheriff is bound by the recommendation of the termination review board only if at least four of the five-member board vote to reverse the sheriff's termination decision. See § 2(6)(h) of the Act.

. The hearing review board had simply agreed with and adopted “some” of the findings of the internal affairs report (which in turn did not make definitive findings), without specifying which ones.

. Case numbers 4D95-2067 (when this court denied a sheriff’s motion to dismiss an appeal from deputy's termination, the sheriff sought prohibition relief in the supreme court, and the supreme court ordered that the case be transferred to the circuit court) and 4D97-1671 (after trial court dismissed Harrison's certiorari petition on the basis of Payne for lack of jurisdiction to review executive decision, Harrison sought relief here, which this court denied by order. Thereafter, the supreme court issued a peremptory writ of mandamus to the circuit court, directing it to proceed with the case on the merits).