KELLY, Judge.
 

 Ronald Holehouse and the City of St. Pete Beach seek certiorari review of a circuit court order that granted Walter Sowa, Jr.’s petition for writ of certiorari and quashed a building permit Mr. Hole-house obtained from the City. Because the issuance of the building permit was an executive decision that was not reviewable by certiorari, we grant the petition and quash the order of the circuit court.
 

 A city official granted Mr. Holehouse a building permit to repair a four-unit apartment building damaged as a result of a hurricane. Mr. Sowa, a neighbor, challenged the permit by filing a petition for writ of certiorari in the circuit court. The circuit court granted the petition and quashed the permit after concluding that the City had violated its code in issuing the permit. This determination appears to have flowed from the court’s finding that “[i]t is unclear from what authority this permit was issued.” In reaching this conclusion, the circuit court relied on documents Mr. Sowa supplied in an appendix to his petition and which he argued demonstrated that the City should not have issued the permit.
 

 
 *1247
 
 The City and Mr. Holehouse contend that the circuit court did not have certiorari jurisdiction to review the City official’s decision to issue the permit. We agree. “As a rule, only quasi-judicial actions [of local government agencies] are reviewable via certiorari.”
 
 Broward County v. G.B.V. Int’l, Ltd.,
 
 787 So.2d 838, 843 (Fla.2001). A decision is judicial or quasi-judicial, as distinguished from executive, when notice and hearing are required and the judgment of the administrative agency is contingent on the showing made at the hearing.
 
 DeGroot v. Sheffield,
 
 95 So.2d 912, 915 (Fla.1957). That is not the case here. A single city official made an executive decision to grant Mr. Holehouse’s permit application; no hearing was conducted on the matter.
 

 When an administrative official or agency acts in an executive or legislative capacity, the proper method of attack on the official’s or agency’s action “is a suit in circuit court for declaratory or injunc-tive relief on grounds that the action taken is arbitrary, capricious, confiscatory, or vi-olative of constitutional guarantees.”
 
 Bd. of County Comm’rs of Hillsborough County v. Casa Dev. Ltd.,
 
 332 So.2d 651, 654 (Fla. 2d DCA 1976). Certiorari review of a legislative or executive decision of an agency is inappropriate because, “[a]s a practical matter, when an executive makes a decision without conducting a hearing, there is nothing for the circuit court to review.”
 
 Pleasures II Adult Video, Inc. v. City of Sarasota,
 
 833 So.2d 185, 189 (Fla. 2d DCA 2002). Here, because no hearing was conducted, the circuit court had no record to review. Instead, it relied on documents supplied by Mr. Sowa in an attempt to construct a record upon which it could review the City official’s decision to issue the permit. By proceeding in this fashion when it lacked jurisdiction to do so, the circuit court departed from the essential requirements of the law. Accordingly, we grant the petition and quash the circuit court’s order.
 

 Petition granted.
 

 ALTENBERND and CASANUEVA, JJ., Concur.