SILBERMAN, Judge.
 

 Lee County seeks second-tier certiorari review of the circuit court’s order quashing the county manager’s decision to uphold the termination of Corey Sellers’ employment. Lee County argues that the circuit court departed from the essential requirements of the law by determining that it had jurisdiction to review the county manager’s termination decision. We agree because the termination decision made by the county manager was an executive decision, as opposed to a quasi-judicial decision. Accordingly, we grant Lee County’s petition for certiorari and quash the circuit court’s order.
 

 The underlying controversy began with an investigation by Lee County into alleged racial discrimination and conduct creating a hostile work environment by various county employees, including Sellers. Following the investigation and what the circuit court refers to as a “termination
 
 *241
 
 hearing,” the employees were terminated from their employment with Lee County. The employees then requested a hearing before a grievance committee pursuant to Lee County policies. Following the hearing, the grievance committee recommended that the County Manager uphold the termination. The county manager upheld the termination of six employees, including Sellers, but reinstated three of the employees. The six terminated employees and one of the reinstated employees
 
 [1]
 
 filed a petition for writ of certiorari in the circuit court seeking review of the county manager’s decision.
 

 Lee County filed a motion to dismiss the employees’ certiorari petition. Lee County argued that the circuit court lacked subject matter jurisdiction to review the county manager’s decision because it constituted an executive, as opposed to quasi-judicial, decision. The circuit court rejected Lee County’s jurisdictional argument.
 

 On the merits, the court determined that Lee County had failed to afford Sellers procedural due process
 
 [2]
 
 and that the grievance committee and the county manager departed from the essential requirements of the law by issuing and upholding a recommendation for termination that was not supported by competent, substantial evidence.
 
 [3]
 
 The circuit court granted Sellers certiorari relief and quashed the county manager’s decision upholding the termination based on the grievance committee’s recommendation. The court stayed the action as to the remaining employees because they had filed a separate circuit court action challenging their termination and that action remained pending.
 

 Lee County then filed a petition for second-tier certiorari review of the circuit court’s order in this court. Lee County does not challenge the nonfinal portion of the order staying the action as to six of the employees; Lee County limits its arguments to the final portion of the order granting Sellers certiorari relief. Specifically, Lee County argues that the circuit court departed from the essential requirements of the law in determining that it had jurisdiction to review the county manager’s decision.
 

 A departure from the essential requirements of the law requires more than mere legal error.
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000). “[T]he district court should examine the seriousness of the error and use its discretion to correct an error ‘only when there has been a violation of [a] clearly established principle
 
 *242
 
 of law resulting in a miscarriage of justice.’ ”
 
 Id.
 
 (quoting
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 528 (Fla.1995)). Thus, we must determine whether the circuit court violated a clearly established principle of law resulting in a miscarriage of justice when it determined that it had jurisdiction to conduct certiorari review of the county manager’s decision.
 

 Certiorari review is available for orders of local agencies and boards that are quasi-judicial and not subject to direct review under the Administrative Procedure Act.
 
 Broward County v. G.B.V. Int’l, Ltd.,
 
 787 So.2d 838, 843 (Fla.2001);
 
 Heggs, 658
 
 So.2d at 530. A decision is quasi-judicial when the administrative agency’s judgment is contingent on evidence and argument made at a hearing for which notice is required.
 
 City of St. Pete Beach v. Sowa, 4
 
 So.3d 1245, 1247 (Fla. 2d DCA 2009) (citing
 
 DeGroot v. Sheffield,
 
 95 So.2d 912, 915 (Fla.1957));
 
 Vazquez v. Hous. Auth. of City of Homestead,
 
 774 So.2d 813, 814 (Fla. 3d DCA 2000);
 
 Bldg.Code Advisory Bd. v. S. Bldg. Prods., Inc.,
 
 622 So.2d 10, 12 (Fla. 4th DCA 1993). While certio-rari relief is available for quasi-judicial decisions, it is not available for executive decisions “because, ‘[a]s a practical matter, when an executive makes a decision without conducting a hearing, there is nothing for the circuit court to review.’ ”
 
 Sowa,
 
 4 So.3d at 1247 (quoting
 
 Pleasures II Adult Video, Inc. v. City of Sarasota,
 
 833 So.2d 185, 189 (Fla. 2d DCA 2002)).
 

 Lee County’s grievance procedure is triggered when a disciplined employee submits a written grievance to the employee’s department director. The director may meet with the employee to discuss the grievance and is required to respond to the grievance. The employee may thereafter request review of the director’s response by an independent grievance committee. The grievance committee is required to hold a hearing and submit written recommendations and findings to the county manager. The county manager is not required to conduct a hearing when reviewing the grievance committee’s recommendations and findings. Rather, the county manager has the sole authority to “render a decision upholding, reversing or modifying” the recommendations of the grievance committee, and the county manager’s decision is “final.”
 

 In this case, the grievance committee recommended that the county manager uphold Sellers’ termination, and the county manager did so. While the grievance committee conducted a hearing on the employees’ grievances, the county manager was not bound by the grievance committee’s recommendation, and he rendered his decision without conducting a hearing.
 

 The facts of this case are analogous to those in
 
 Payne v. Wille,
 
 657 So.2d 964 (Fla. 4th DCA 1995). In
 
 Payne,
 
 a sheriffs department employee was demoted by the sheriff upon recommendation of a hearing review board.
 
 Id.
 
 at 964. The employee filed a petition for writ of certiorari in the circuit court, and the circuit court dismissed the petition based on its determination that it lacked jurisdiction to rule on the sheriffs executive decision. The employee then petitioned the Fourth District for second-tier certiorari review of the circuit court’s decision dismissing his petition. The Fourth District denied certiorari relief, concluding that the circuit court properly determined that it lacked jurisdiction because the sheriffs decision was executive, as opposed to quasi-judicial.
 
 Id.
 
 at 965. The court reasoned that the sheriffs decision to approve the board’s recommendation was executive because it was under the sheriffs “sole discretion.”
 
 Id.
 
 The court quoted the supreme court in explaining its reasoning as follows:
 

 
 *243
 
 “[W]here one holds office at the pleasure of the appointing power and the power of appointment is coupled with the power of removal contingent only on the exercise of personal judgment by the appointing authority, then the decision to remove or dismiss is purely executive and not subject to judicial review ... if removal or suspension of a public employee is contingent upon approval by an official or a board after notice and hearing, then the ultimate judgment of such official or board based on the showing made at the hearing is subject to appropriate judicial review. The reason for the difference is that when notice and a hearing are required and the judgment of the board is contingent on the showing made at the hearing, then its judgment becomes judicial or quasi-judicial as distinguished from being purely executive.”
 

 Id.
 
 at 964-65 (quoting
 
 DeGroot,
 
 95 So.2d at 914-15)).
 

 In this case, as in
 
 Payne,
 
 although the grievance committee conducted a hearing and recommended upholding the employees’ termination, the county manager was not bound by the recommendation and the ultimate decision of whether to uphold or reject the employees’ termination was within his sole discretion. Accordingly, the county manager’s decision was executive, not quasi-judicial, and the circuit court violated a clearly established principle of law by determining that it had jurisdiction to review the county manager’s decision. Such a violation of the clearly established law constitutes a miscarriage of justice requiring certiorari relief.
 
 See Sowa,
 
 4 So.3d at 1247;
 
 S. Bldg. Prods., Inc.,
 
 622 So.2d at 13. Accordingly, we grant Lee County’s petition for writ of certiorari and quash the circuit court’s order.
 
 [4]
 

 Petition granted; order quashed.
 

 WHATLEY and BLACK, JJ„ Concur.
 

 [1]
 

 . This employee had been reinstated with conditions.
 

 [2]
 

 . The notice issued to Sellers before his termination hearing merely indicated that the proposed firing was for “various policy violations after a County investigation” but contained no supporting facts. Additionally, the notice was issued the day before the termination hearing. There is no transcript of the termination hearing, but the circuit court noted that Sellers later gave unrefuted testimony “that no further information was provided to him at the termination hearing regarding any specific allegations against him, and that he was not allowed to ask questions, so he was unable to respond.” Sellers was first confronted with the specific allegations against him at the subsequent grievance committee hearing.
 

 [3]
 

 .At the grievance committee hearing, Lee County relied on the testimony of a management representative and a report made by an absent North Carolina attorney whom the County hired to investigate the allegations against Sellers. The report alleged that Sellers made one questionable comment on one incident but admitted the absence of "specific, independent corroboration” of the comment. Sellers denied making the comment in the report but did admit to making a different questionable comment. The circuit court found that the comment Sellers admitted making was in poor taste but was not sufficient to support his termination.
 

 [4]
 

 . We do not suggest that Sellers does not have an avenue of relief for challenging the county manager's decision in circuit court.
 
 See Sowa,
 
 4 So.3d at 1247; S.
 
 Bldg. Prods., Inc.,
 
 622 So.2d at 13. Our opinion simply stands for the proposition that certiorari relief is not a proper avenue for review of that decision.